**In re MOORE et al.**
**No. 18174.**

District Court, E. D. Pennsylvania.
Oct. 24, 1934.

R. A. Pannebaker, of Philadelphia, Pa., for debtors.

A. G. Masters, of Detroit, Mich., and George B. Johnson, of West Chester, Pa., for motion to vacate.

DICKINSON, District Judge.

Leave was granted to file additional briefs in this cause, which have now been received, and the cause ripe for a ruling.

A very well-considered and painstaking argument has been addressed to us upon the rights of creditors and the obligation of contracts. Inasmuch as the enforcement of the obligation is committed primarily to the state courts, there is also the question of the interference by one court with the action of another.

We have had submitted to us a copy of the very elaborate opinion of Judge Chesnut in the William W. Bradford, Jr., Case (D. C.) 7 F. Supp. 665. The questions therein discussed are (1) the propriety of the interference of a bankruptcy court with foreclosure proceedings in a state court, and (2) the constitutionality of section 75 of the amended Bankruptcy Act (11 USCA § 203).

The first question is disposed of by the long and well established practice, and the second question is one which may be left to the determination of the appellate courts.

The recognition and enforcement of the rights of property, along with the like recognition of what are called personal rights, lie at the very foundation of our scheme of government. Neither should be lightly disturbed. It has long, however, been recognized that it is not only within the power, but it is the duty, of government to interpose between creditor and debtor when conditions are created which affect the public weal. Bankruptcy is a signal instance of this. The idea is widespread that the primary concern of bankruptcy is to relieve honest but unfortunate debtors from the crushing weight of the obligation of debt. The genesis of Bankruptcy Laws will, however, disclose that the first concern was of creditors, and bankruptcy proceedings were instituted to assure an equable distribution of the assets of the debtor among creditors. The thought of relief to the debtor was secondary, and relief was offered because of the surrender by the debtor to the creditor of all of his possessions. The thought behind the later amendments to the Bankruptcy Laws was not to strip the debtor of his property for distribution among his creditors, but to save to him his property at the cost to creditors of an abatement of what was due them under the contract as made. In consequence, the applicant for relief is not called a bankrupt but a debtor. The analogue in mind was obviously that of a composition in a bankruptcy proceeding. In such cases the bankrupt resumes full dominion over his property, and creditors are obliged to accept what the compensation awards them in lieu of the contracts they before had.

The constitutionality of the Bankruptcy Law has never been even questioned. The constitutionality of the bankruptcy amendments is thus in the first instance the question of what is bankruptcy and whether the provisions of the amendment are within it. If these amendments are germane to a bankruptcy proceeding, no question of constitutionality would fairly arise. The vice of the practice of trial courts passing upon the constitutionality of legislative enactments is that, inasmuch as such courts are of limited territorial jurisdiction, there may be presented the anomaly of a legislative act which is enforced as a law in some jurisdictions and declared to be a nullity in others. We think it is this which lies at the bottom of the widespread conviction that trial courts should not have the power to nullify legislative acts. In deference to this widely entertained prejudice, if it may be so called, trial courts limit the exercise of the power to cases in which the unconstitutionality of the legislative act is in the mind of the court clear. It cannot

be said that the question of unconstitutionality here is of this character.

Motions to vacate orders are sometimes planted upon rights and are sometimes appeals to the judicial discretion of the court by which the order was made. The exercise of such judicial discretion is always controlled by special conditions and circumstances. In consequence, the door should always be left open to any application for relief from any order made by the court.

The motion to vacate is denied, without prejudice, and with leave to any party in interest to make or renew an application to vacate or modify the order in question.