**UNITED STATES v. 458.95 ACRES OF LAND et al.**

No. 20066.

District Court, E. D. Pennsylvania.
Dec. 15, 1937.

Supplemental Opinion Dec. 30, 1937.

James P. McCormick, Asst. U. S. Atty.,
of Philadelphia, Pa., J. Cullen Ganey, U. S.
Atty., of Bethlehem, Pa., and Warren E.
Magee, Atty. Gen.'s Office, of Washington,
D. C., for the United States.

Thomas Stokes, of Philadelphia, Pa.,
for defendant.

DICKINSON, District Judge.

This is a petition of the United States for an order of condemnation of lands under the power of eminent domain. Title to and possession of the lands is desired by the United States for the uses set forth in the petition. Being unable to agree with the owner upon the terms of a conveyance, the United States has resorted to this proceeding to condemn. The lands in question are not within the territorial domain of the United States, but of the state of Pennsylvania. The landowner denies the lawfulness of the proceeding, and has raised the question by a motion to quash. There are no procedural questions raised. Each stands upon the answer to the question of the power to condemn sought to be exercised. It was argued by counsel from the viewpoint of the subsidiary question, of whether Congress had asserted its power to condemn in this case for the purposes set forth in the petition. At the argument the court raised the underlying question of the exercise of such a power by the United States. That the United States is a sovereign possessed of all the powers of sovereignty, including that of eminent domain, is conceded. The state of Pennsylvania is, however, likewise a sovereign possessed of all the powers of sovereignty. To prevent a conflict of powers these two sovereigns by the Constitution have agreed upon what powers the United States shall exercise and what the state shall not. The United States was expressly empowered to exercise all control over the territorial lands of the United States. This would include the power of eminent domain. The United States was likewise expressly empowered to establish post offices and to carry on offensive and defensive war, and by a general grant of power to do all which was necessary and proper to effectuate these express powers. This gave the United States the power to exercise that of eminent domain over the territorial lands within the limits of the United States and all lands needed for the seat of the government of the United States, and for the establishment of post offices, forts, arsenals, and other needful buildings. The seventeenth clause of the eighth section of article 1 expanded the latter power to that of exclusive legislation in all cases whatsoever over lands within the limits of the states which had been acquired by the United States with the consent of the state in which located. This left open the question of the right of Congress to exercise the power of eminent domain over lands within the limits of a state to be acquired by the United States, but without the consent of the state concerned. This was the question upon which briefs were requested. In none of the cases cited to us did the question arise because in each one of these the lands were in the District of Columbia or were other territorial lands, or the power was being exercised for the establishment of post offices and was with the consent of the state. As before stated, we did not have access to the reports of the cases. Our conclusion then was against the exercise of the power in the case before us. Since then we have had access to the reports and we find that the Supreme Court has definitely ruled the question of power. The case of Kohl v. United States, 91 U.S.

367, 23 L.Ed. 449, is a sufficient reference. We in consequence withdraw the opinion before filed. Incidentally, we ruled upon the question of the power of eminent domain without the submission of briefs because we were informed that no further briefs would be submitted. With the exercise of the power of the United States to condemn the lands in question being admitted, the subsidiary question argued arises. The power of eminent domain is a sovereign power. It does not follow because the United States may exercise it that an executive officer may do so. Before lands can be taken from the possession of their owner it must appear not merely that the Executive has taken them by condemnation, but also that Congress has sanctioned the taking by authorizing it. It has been ruled for us, however, that if the Executive is authorized to acquire title to lands, title may be acquired through condemnation proceedings. The Act of August 1st, 1888, 25 Stat. 357, 40 U.S.C.A. §§ 257, 258, expressly so provides. If, therefore, any of the projects referred to in the petition to condemn have been authorized by Congress, with authority to take title to lands in furtherance of the project, the Executive may condemn lands for the public use designated. The arguments and rearguments at bar were devoted to the question of whether there was congressional sanction for this project. Since the reargument we have just had submitted to us a supplemental brief by the owner of the lands, which seems to reopen the question of the power of Congress which we understood to have been conceded at the reargument. It is true that the cited cases may be distinguished from the instant case.

■ As we read the opinion of Mr. Justice Strong in the Kohl Case, however, that case flatly rules that the United States may exercise its power of eminent domain whenever lands are needed by it for public use. It may be that the ruling goes beyond the facts of the case ruled, but, if so, it is evident that this was advisedly done in order to settle the question. It does settle it.

Before discussing the question of the congressional sanction given to this condemnation, we may advert again to considerations upon which we would not think it necessary to dwell, except for the insistence of counsel upon them.

■ We see no merit in the point sought to be made that the owner of the lands cannot object to the condemnation because its former owner had conveyed a large tract of land of which the lands sought to be condemned were part. The power of eminent domain is a sovereign power which can neither be conferred nor taken away by the owner of the land, nor does his willingness to convey part of his land confer the power to condemn what he has retained.

This argument is in line with that before pressed upon us, that the owner could not be heard to object to the condemnation because she had at an earlier date contracted to sell the condemned lands.

It is likewise true that the owner of this land benefited in a real sense by this government project. It is doubtless true that she was thereby enabled to sell 3,000 acres of what otherwise would have been unsaleable lands. It may likewise turn out, and probably will, that if this land is condemned the owner will receive two or three times any price which without this project could have been obtained for it. It may be, and doubtless is, that the project in question is a highly commendable one, big with public blessings. It may be that the respondent is ungracious in opposing condemnation, but we do not see in this any grant of a power to condemn. The sole question is whether the condemnation has congressional sanction.

■ This is a motion to quash. It is a demurrer maneuver. The averments of the petition must on this motion be accepted as true. The petition avers that the land is condemned "for use as a public park and recreational area," authorized by the Act of June 16, 1933, 48 Stat. 200, § 201 et seq., 40 U.S.C.A. § 401 et seq., and by Executive Order No. 7496, issued November 14, 1936. The carrying out of the provisions of this act and the Emergency Relief Appropriation Acts of 1935, 49 Stat. 115, 15 U.S.C.A. § 728 note, and of 1936, 49 Stat. 1608, 15 U.S.C.A. § 728 note, were committed to the Secretary of the Interior, who was thereby authorized and empowered to acquire the necessary lands by purchase or condemnation; provision for the payment of which having been made by the appropriations of moneys for this purpose. To these the Act of June 29, 1937, 15 U.S.C.A. § 728 note, was added by amendment. It is further averred that the Secretary of the Interior acted in pursuance of the authority conferred upon him. The proceeding instituted is under the Act of August 1, 1888, 25 Stat. 357, 40 U.S.C.A. §§ 257, 258.

■ The motion to quash limits itself to the sole objection that the condemnation

of lands "for use as a Public Park and Recreational Area" has not been authorized by Congress.

We regret that the limits of an opinion do not permit a review in detail of the argument addressed to us in support of the motion to quash. It is a logically constructed argument and the briefs pro and con really helpful ones giving us the necessary information without being overloaded with extraneous matter.

The limits of this already overlong opinion will not admit of a detailed consideration of the argument addressed to us by counsel for the landowner. We content ourselves with the statement of some very general observations and of the conclusion which we have reached. We recall to mind what it is of which we are in quest. It is whether Congress has sanctioned the condemnation of these lands. There is this distinction to be observed. The Executive may contract for the conveyance of lands to the United States. His authority to so do may be denied and brought in question. If unauthorized to acquire title, he clearly cannot condemn. If, however, he is so authorized, then he may condemn. If Congress appropriates moneys to pay for the lands, this is a sanction of the acquisition. The French Creek project has this sanction. The needed moneys have been appropriated and in large part expended. Indeed, the petition tenders in payment for the condemned lands the price at which the owner had at one time agreed to sell them. The owner acquiesced in the authority of the Secretary to acquire these lands by conveying to the United States 3,000 acres of the same tract, the consideration for which was paid. To hold all this was unauthorized would work confusion.

The point, however, is that the appropriation of the money already expended and authorized to be further expended argues that the project and the acquisition of land in furtherance of it has received the sanction of Congress. This drives counsel to take their stand upon the proposition of the unconstitutionality of these sanctioning acts. For this position the case of Township of Franklin, Somerset County, v. Tugwell, 66 App.D.C. 42, 85 F.2d 208, is relied upon. That case may be easily distinguished from this, but we decline to go into this constitutional question, adhering to our often-announced view that a court of limited territorial jurisdiction should not rule an act of Congress to be unconstitutional, unless there is no room for a difference of opinion. The reason is that if different views prevail there is created the intolerable situation of an act of Congress being the law in one or more districts and a nullity in others. Doubtful questions of constitutionality should be left to the appellate courts. Here, the question could not be said to be free from doubt.

The motion to quash is denied.

### Supplemental Opinion.

In the opinion filed we used this language: "The French Creek project has this sanction. The needed moneys have been appropriated and in large part expended. Indeed the petition tenders in payment for the condemned lands the price at which the owner had at one time agreed to sell them."

We correct this fact statement and substitute for it that the petition tenders the payment of a sum of money, but the sum tendered was less than the price named by the owner in the previous option which she had before granted.