**COMBS v. SNYDER, As Secretary of the Treasury et al.**

**Civ. No. 4576–51.**

United States District Court, District of Columbia.

Argued Nov. 27, 1951.

Decided Nov. 29, 1951.

Judgment Affirmed March 3, 1952. See 72 S.Ct. 562.

Myron G. Ehrlich of Washington, D. C., for plaintiff.

Ross O'Donoghue, Asst. U. S. Atty., Washington, D. C., for defendants. Charles M. Irelan, U. S. Atty., Washington, D. C., also entered an appearance on behalf of defendants.

Before EDGERTON, Circuit Judge, WILKIN and YOUNGDAHL, District Judges.

PER CURIAM.

The plaintiff seeks an injunction to restrain enforcement of Chapter 27A of the Internal Revenue Code, enacted October 20, 1951 by Public Law No. 183, Section 471, 82nd Cong., 1st Sess., 26 U.S.C.A. § 3285. This Chapter imposes a 10 per cent excise tax on wagers, as defined, and an occupational stamp tax of $50 a year on persons liable for the excise tax. It requires such persons to register their names, residences, and places of business, and the names and residences of persons who receive wagers for them or for whom they receive wagers. Violation of the Act exposes the violator to criminal penalties.

The plaintiff's complaint states in substance that he desires to engage in the business covered by the Act. It states that he has tendered $50 and applied for the stamp which would evidence his compliance with the Act. The stamp has not been issued because he has declined to make some of the required disclosures. His complaint alleges that these disclosures, if made, would expose him to criminal penalties. It also alleges that the Act is unconstitutional.

We think some of the constitutional questions the plaintiff asks us to decide are substantial enough to give this three-judge court jurisdiction. We think the Act constitutional. But we think it unnecessary to discuss the constitutional ques-

tions in the circumstances of this case. The complaint clearly implies, and plaintiff's counsel conceded in oral argument, that what plaintiff seeks is the intervention of the court for the protection of a criminal business. Nothing is better settled than that it is within the discretion of a court of equity to deny its aid to one who does not come into court with clean hands. Few things are clearer than that one who comes seeking protection for conduct that he concedes to be criminal has unclean hands within the meaning of this principle. The plaintiff's motion for a preliminary injunction is therefore denied and the defendants' motion to dismiss the complaint is granted.