## UNITED STATES v. NADLER.

No. 33238.

United States District Court
N. D. California, S. D.

June 25, 1952.

Chauncey Tramutolo, U. S. Atty., San Francisco, Cal., for plaintiff.

Kenyon C. Keller, San Francisco, Cal., for defendant.

GOODMAN, District Judge.

In a two count information, the United States Attorney charges defendant with the violation of 26 U.S.C. § 2707(b). Count one charges failure to pay the occupational tax on wagering imposed by 26 U.S.C. § 3290. Count two charges failure to register as required by 26 U.S.C. § 3291.

Defendant moves to dismiss the information upon the principal ground that § 3290 and § 3291 violate the Tenth Amendment to the Constitution.[1] His contention is one that has been frequently urged in attacking other taxing statutes, namely, that the Congress, under the pretext of its taxing power, seeks to prohibit or regulate purely intrastate occupations.[2] In this case, it is gam--

---

1. "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." Const.Amend. X.

2. (1) The Harrison Narcotic Act of 1914, 38 Stat. 785, was attacked upon this ground, but its constitutionality is no longer in question. U. S. v. Doremus, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed.

493; see many cases cited under Notes of Decision, 26 U.S.C.A. § 3220.

(2) The Oleomargarine Tax 24 Stat. 209. See Decisions cited under Notes of Decision, 26 U.S.C.A. § 3200.

(3) The Firearms Tax 48 Stat. 1236. Sonzinsky v. U. S., 300 U.S. 506, 57 S. Ct. 554, 81 L.Ed. 772, and cases cited under Notes of Decision, 26 U.S.C.A. § 3260.

bling, or in the polite statutory nomenclature, "wagering."

All those who can see and read know that the Congress, after investigation in 1950 and 1951, determined to do something about the "wagering" evil and its attendant racketeering activities. We need not speculate about the Congressional motives concerning these matters. They are too obvious.[3]

But we are not concerned with legislative motives whether obvious, ambiguous or hidden. A long line of Supreme Court decisions reminds us that our only judicial concern is whether the Congress has constitutionally-conferred *power* to enact the legislation.[4]

It is conceded, as it must be, that the Congress has the constitutional power to levy taxes upon businesses and occupations. License tax cases, 5 Wall. 462, 18 L.Ed. 497; U. S. v. Doremus, supra; U. S. v. Sonzinsky, supra. Wagering may certainly be classified as a business or occupation even though it is thereby accorded undeserved dignity.

The particular statutes here attacked, however, are said to invade the reserved power of the states, as forbidden by the Tenth Amendment, because their true purpose is claimed to be the regulation of purely intrastate activities. This, it is asserted, is made manifest by the requirement of 26 U.S.C. § 3291 that the wager receiver register certain information about himself and his business. But this argument lacks merit. For the same general kind of information was required to be furnished under the other taxing statutes referred to.[5] And such statutes have been upheld.[6] The information which § 3291 requires to be registered cannot be said to be unnecessary or improper or indeed non-essential to effective tax collection.

The decision of Judge Welsh of the Eastern District of Pennsylvania[7] is cited by defendant in support of his motion. Judge Welsh appears to rely primarily upon the reasoning of U. S. v. Constantine, 1935, 296 U.S. 287, 56 S.Ct. 223, 80 L.Ed. 233, in support of his conclusion that the "wagering" statutes are unconstitutional as an invasion of state police power, because *"the exaction is in no proper sense a tax but a penalty imposed in addition to any the state may decree for the violation of a state law."* But, as pointed out the next year, 1936, by the Supreme Court in Sonzinsky v. U. S., supra, 300 U.S. at page 513, 57 S.Ct. at page 555, 81 L.Ed. 772, the subject of the tax in Constantine was "described or treated as criminal by the taxing statute." The tax there was upon liquor dealers who carried on a business *contrary* to state or local law.

The wagering statutes here apply to *all* engaged in receiving wagers, whether such activity is forbidden by state or local law or not. Only wagering pools conducted by pari-mutuel enterprises licensed under state law and coin-operated devices subject to occupational taxes otherwise imposed, are exempt. 26 U.S.C. § 3285(e).

In my opinion, the Congress had the power to enact these statutes. That is the limit of the judicial inquiry.

Motion to dismiss denied.

---

3. The investigations of the Senate Special Committee to Investigate Organized Crime in Interstate Commerce (so-called Kefauver Committee) were too vividly reported via radio and television to be soon forgotten. Congress adopted the wagering statutes Oct. 20, 1951.

4. U. S. v. Doremus, supra; McCray v. U. S., 195 U.S. 27, 24 S.Ct. 769, 49 L. Ed. 78; Nigro v. U. S., 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600; Hampton & Co. v. U. S., 276 U.S. 394, 48 S.Ct. 348, 72 L.Ed. 624; Veazie Bank v. Fenno, 8 Wall. 533, 19 L.Ed. 482; Alston v. U. S., 274 U.S. 289, 47 S.Ct. 634, 71 L.Ed. 1052; Sonzinsky v. U. S., supra.

5. See note 2.

6. See note 2.

7. U. S. v. Kahriger, D.C., 105 F.Supp. 322.