UNITED STATES v. ROBINSON.

UNITED STATES v. SHIVERS.

UNITED STATES v. ROGERS.

Crim. Nos. 32996, 32998, 32995.

United States District Court
E. D. Michigan, S. D.

Aug. 11, 1952.

Philip A. Hart, U. S. Atty., and Joseph C. Murphy, Asst. U. S. Atty., both of Detroit, Mich., for the United States.

Harry L. Pliskow, of Detroit, Mich., for defendants.

HOLTZOFF, District Judge.

This is the trial of three criminal proceedings that have been consolidated for that purpose. Each of the three defendants is charged with failure to pay an occupational tax on the business of being engaged in receiving wagers. The defendants have waived a jury trial.

The tax involved in this case is imposed by the Act of October 20, 1951, 26 U.S. Code, § 3290. This Act levies a special tax of fifty dollars per year on every person who is engaged in receiving wagers for or on behalf of any person liable to a tax on wagers. The Act further requires every person subject to the special tax to register with the appropriate Collector of Internal Revenue and in connection with his registration to furnish certain information specified in the statute.

Each defendant has filed a motion to dismiss the indictment against him, asserting that the statute is unconstitutional. Judge Lederle has sustained the validity of the Act and denied the motions. The defendants at this stage of the proceedings are renewing their attack on the validity of the statute.

Judge Lederle's decision is the law of the case and is binding on me. It is subject to review only by an appellate tribunal. Even independently of this principle, however, I concur in the conclusion that has been reached by Judge Lederle. An elaborate discussion of the subject seems unnecessary, and I shall only briefly state my reasons for the views that have been expressed by me.

On its face the statute purports to levy an excise tax on a specified calling. The only express limitation found in the Constitution on the power of the Congress to impose indirect taxes is that such taxes must be uniform. By this restriction is meant only a geographical uniformity, namely, that an indirect tax levied by the Congress must be the same throughout the United States. Congress may select any object, occupation or transaction as the subject matter of an indirect tax.

It is immaterial that the subject matter so chosen by the Congress may not be within its regulatory power but is within the authority of the states to control. The power of Congress to tax is far broader than its authority to regulate. There is no limitation on the right of the Congress to select subjects on which to impose an indirect tax. The Tenth Amendment to the Constitution is not a restriction on the Federal taxing power.

It is urged by defense counsel that the true purpose of the measure is not to raise revenue but to obtain information concerning activities of professional gamblers and thereby to assist the States in enforcing the criminal law against gamblers. The Government shows, however, that it is in fact deriving an income from this tax. Aside from this circumstance which the Court does not regard as determinative, the objection raised by defense counsel is governed by a broader principle. The courts may not delve into the minds of the members of Congress. The judiciary is without power to scrutinize the motives and the

purposes of the legislative branch of the government. If an Act of Congress professes on its face to levy a valid tax, it is immaterial that the Congress may have, in fact, sought to attain a different or additional objective. The power to tax has been validly used on occasion to achieve ends other than the raising of revenue.

For example, during the war between the States, the Federal Government for the first time in its history began to emit paper money. In order to establish this new circulating medium, Congress felt that paper currency issued by state banks should be driven out of existence. To accomplish this objective, the Congress imposed a high tax on state bank notes. The Supreme Court sustained the validity of the tax, Veazie Bank v. Fenno, 8 Wall. 533, 548, 19 L.Ed. 482.

Similarly, in McCray v. United States, 195 U.S. 27, at page 59, 24 S.Ct. 769, 49 L. Ed. 78, a prohibitive tax imposed by the Congress on artificially colored oleomargarine was upheld as against a challenge that the true purpose of the tax was not to derive an income but to suppress this article of commerce.

The validity of the Harrison Anti-Narcotic Act, 26 U.S.C. §§ 2550 et seq., 3220 et seq., was sustained by the Supreme Court in United States v. Doremus, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493, as well as other cases, again as against a contention that the Congress in the guise of imposing a tax endeavored to regulate and suppress traffic in narcotic drugs, which was a subject matter within the reserved powers of the States.

In Sonzinsky v. United States, 300 U.S. 506, 512, 57 S.Ct. 554, 81 L.Ed. 772, a tax imposed on certain types of firearms was sustained as against a similar objection. It was urged, in an attempt to assail the validity of the statute, that the levy was not a true tax but a penalty imposed for the purpose of suppressing traffic in a certain noxious type of firearm, the local regulation of which was reserved to the states, because not granted to the national government. The Supreme Court, in an opinion written by Mr. Justice Stone, unanimously overruled this contention and upheld the validity of the tax. Mr. Justice Stone remarked that every tax is in some measure regulatory and that to some extent it interposes an economic impediment to the activity taxed as compared with others not taxed. He added that a tax is not any less a tax because it has a regulatory effect.

■ In other words, a legislative measure purporting on its face to impose a valid indirect tax may not be held repugnant to the Constitution merely because it has the effect of regulating or suppressing a subject matter that is within the control of the States or because it seeks to achieve some purpose other than that merely of raising revenue.

■ The case of United States v. Constantine, 296 U.S. 287, 56 S.Ct. 223, 80 L.Ed. 233, is relied on by the defendants. That decision, however, is distinguishable. It involved an Act of Congress which expressly purported to impose a tax on persons who violated certain state laws. The Supreme Court held that on its face this levy was not a true tax but a penalty in addition to that inflicted by the States for a crime committed against state laws. For this reason the Court concluded that the statute was not within the powers of the Congress, as it limited the tax to those persons who were violating certain state laws and did not extend the levy to persons who committed the same acts in those states in which those acts were lawful.

The statute under scrutiny in these three cases, however, levies an excise tax on a specified occupation, irrespective of whether it is or is not forbidden by state law. To be sure, most States prohibit the carrying on of this calling, but there is at least one State that does not. The Act of Congress makes no distinction between those persons who carry on this vocation in violation of State law and those persons who conduct it legally. Consequently, the instant cases do not fall within the principle of the Constantine case.

The Court may add in conclusion that the validity of this statute has been upheld by Judge Goodman in the Northern District of California, in the case of United States v. Nadler, 105 F.Supp. 918; and by Judge Yankwich in the Southern District of California, in the case of United States v. Smith, 106 F.Supp. 9. The Court is also aware of the fact that the statute was held unconstitutional by Judge Welch in the

Eastern District of Pennsylvania, in United States v. Kahriger, 105 F.Supp. 322. Both Judge Lederle and I have carefully considered Judge Welch's opinion and with due respect are unable to agree therewith.

The defendants have stipulated that the allegations of fact contained in the indictments are true and rely solely on the contention that the statute is repugnant to the Constitution.

The Court is of the opinion that the statute is valid. The Court, therefore, finds the defendants guilty.