## UNITED STATES v. LEWIS.

### No. 1387.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 5, 1953.

Decided Nov. 6, 1953.

Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., with whom Leo A. Rover, U. S. Atty., William J. Peck and Kenneth D. Wood, Asst. U. S. Attys., Washington, D. C., and Alexander L. Stevas, Asst. U. S. Atty., Arlington, Va., were on the brief, for appellant.

Walter E. Gallagher, Washington, D. C., with whom Myron G. Ehrlich and Joseph Sitnick, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Frank Lewis was charged by information with having engaged in the business of accepting wagers without paying the occupational tax imposed by Chapter 27A of the Internal Revenue Code, 26 U.S.C. § 3285 et seq. (Supp. V, 1952). He moved to dismiss the information and the trial court granted his motion, holding in a written opinion that Chapter 27A is unconstitutional because it compels a defendant to give self-incriminating information and imposes a penalty in the guise of a tax. From that decision the United States has brought this appeal.

Determination of the constitutionality of an act of Congress is, as the Supreme Court has said, one of the most serious responsibilities of the judiciary. "It is always an exceedingly grave and delicate duty to decide upon the constitutionality of an act of the congress of the United States. The presumption, as has frequently been said, is in favor of the validity of the act, and it is only when the question is free from any reasonable doubt that the court should hold an act of the lawmaking power of the nation to be in violation of that fundamental instrument upon which all the powers of the government rest. This is particularly true of a revenue act of congress. The provisions of such an act should not be lightly or inadvisedly set aside, although, if they be plainly antagonistic to the Constitution it is the duty of the court to so declare." Nicol v. Ames, 173 U.S. 509, 514, 19 S.Ct. 522, 525, 43 L.Ed. 786.

 Much greater has been the unwillingness of courts of first instance to strike down acts of Congress. Out of an awareness of the serious nature of such a procedure and out of a concern for uniform enforcement of federal laws has grown more than a rule of law: a sound and well-defined public policy has been established among the United States District Courts of resolving every intendment in favor of acts of Congress and refraining from nullification of such acts unless some plain mandate of the constitution is clearly shown to have been violated.[1] Thus it has been said: " * * * before pronouncing an act of Congress unconstitutional and unenforceable, a District Court should be even more carefully deliberate and firmly convinced beyond a reasonable doubt of its unconstitutionality than would be necessary on the part of a Circuit Court of Appeals or of the Supreme Court of the United States. A District Court is a one-man court. There are numerous District Courts; and the result of conflicting views of individual District Judges as to the unconstitutionality of acts of Congress leads to a frequently confusing status in the enforceability of national laws. Wherefore District Courts should be most reluctant to pronounce acts of Congress void. The soundest public policy is conserved when District Courts do not interfere with the operation of acts of Congress. Pending the final decision of the Supreme Court of the United States, nullification of laws in some districts and their enforcement in other districts leads to much confusion and inequality."[2]

 To this we would add that a still greater duty of self-restraint rests on courts of limited jurisdiction like the Municipal Court. Such a court should not challenge the right of Congress to make a law unless unconstitutionality is glaring and it is manifest that Congress has exceeded its grant of power.

In applying this test we note first that the wagering tax act here involved has been held valid by a three-judge federal court in this jurisdiction. Combs v. Snyder, D.C. D.C., 101 F.Supp. 531, affirmed without

1. La Croix v. United States, D.C.W.D. Tenn., 11 F.Supp. 817, appeal dismissed, 6 Cir., 85 F.2d 569; Bemis Bro. Bag Co. v. Feidelson, D.C.W.D.Tenn., 13 F.Supp. 153; In re Moore, D.C.E.D.Pa., 8 F. Supp. 393; Mather v. MacLaughlin, D. C.E.D.Pa., 57 F.2d 223; United States v. 458.95 Acres of Land, D.C.E.D.Pa., 22 F.Supp. 1017.

2. La Croix v. United States, supra, 11 F. Supp. at page 820.

opinion, 342 U.S. 939, 72 S.Ct. 562, 96 L.Ed. 698. Six other district courts have likewise upheld the constitutionality of the same act.[3] And in the only case in which a district court held the act invalid there resulted a reversal by the Supreme Court. United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, rehearing denied 345 U.S. 931, 73 S.Ct. 778. There the highest Court held that the act did not prescribe a penalty or require self-incriminating revelations in violation of the fifth amendment.

Discussing the Kahriger decision at length in his opinion, the trial judge found the present case distinguishable. He held compliance with the act would involve self-incrimination, because registration is required only after wagers have been accepted. Therefore, he said, since District of Columbia laws make the acceptance of wagers a crime,[4] and since such laws are federal laws, one who registers under the act, giving his name and address, and his employees' names and addresses, would necessarily be giving evidence tending to incriminate himself of a violation of federal law. This position is directly contrary to the Supreme Court's ruling in the Kahriger case, where it was said: "Since appellee failed to register for the wagering tax, it is difficult to see how he can now claim the privilege even assuming that the disclosure of violations of law is called for. * * * Assuming that respondent can raise the self-incrimination issue, that privilege has relation only to past acts, not to future acts that may or may not be committed. * * * If respondent wishes to take wagers subject to excise taxes under § 3285, supra, he must pay an occupational tax and register. Under the registration provisions of the wagering tax, appellee is not compelled to confess to acts already committed, he is merely informed by the statute that in order to engage in the business of wagering in the future he must fulfill certain conditions." [5]

Thus the Kahriger opinion construed the act to require registration before entering the business of accepting wagers, and held that such was valid and proper. It was not open to the Municipal Court to adopt a different construction.

■ The trial court also said "even assuming that the payment of the tax and registering would not compel a confession of past illegal substantive acts, nevertheless if two or more persons conspired to violate any of the antigambling provisions of the District of Columbia and in pursuance of that conspiracy one of the conspirators applied for a tax stamp such an act would be an overt act in furtherance of the conspiracy and sufficient to sustain a conviction." That statement is answered in the words we have already quoted from the Kahriger decision to the effect that one who has not registered has no right to claim the constitutional privilege.

■ The second basis for the decision of the trial court, i. e., that the act imposes a penalty in the guise of a tax, is likewise contrary to the holding in Kahriger, which, as we have just said, validates the requirement that registration and payment of the tax are necessary before the named business is entered into.

Various other matters and contingencies are discussed in the opinion below, and urged upon us in appellee's brief here, some by way of speculation and others in the form of predictions in terrorem. We consider them to be subordinate to the vital issues we have discussed, and wholly insufficient to support the ruling of unconstitutionality.

Reversed.

3. United States v. Penn, D.C.M.D.N.C., 111 F.Supp. 605; United States v. Robinson, D.C.E.D.Mich., 107 F.Supp. 38; United States v. Smith, D.C.S.D.Cal., 106 F.Supp. 9; United States v. Nadler, D.C. N.D.Cal., 105 F.Supp. 918; United States v. Forrester, D.C.N.D.Ga., 105 F.Supp. 136; United States v. Arnold, Jordan & Wingate, E.D.Va., (No. 478 decided Sept. 18, 1952).

4. Code 1951, § 22–1501 through § 22–1508; 18 U.S.C. § 371 (Supp. V, 1952).

5. United States v. Kahriger, supra, 345 U.S. at page 32, 73 S.Ct. at page 515.