**Eddie J. HICKS, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3340.**

District of Columbia Court of Appeals.

Argued Nov. 18, 1963.

Decided Feb. 5, 1964.
Rehearing Denied Feb. 21, 1964.

Charles W. Wolfram, Washington, D. C., with whom M. Michael Sharlot, Washington, D. C., was on the brief, for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Our Code provides that certain classes of persons shall be deemed vagrants. One such class is:

> "Any person leading an immoral or profligate life who has no lawful employment and who has no lawful means of support realized from a lawful occupation or source." Code 1961, 22–3302(3).

Appellant was convicted of vagrancy under this classification. On this appeal no contention is made that the evidence was insufficient to bring appellant within the classification, and the record contains no recital of the factual situation upon which the arrest and conviction were based. Appellant asserts only the claim that this classification of vagrancy is unconstitutional.

In approaching the question as presented we bear in mind two propositions.

First, a presumption of constitutionality attaches to all Acts of Congress;[1] and second, a court of limited jurisdiction should not declare an Act of Congress to be unconstitutional unless its unconstitutionality is plain and manifest.[2] We also note that in at least two instances this court has held the act in question to be constitutional.[3]

 The chief attack on the act is that the words "immoral or profligate life" are vague and uncertain to such a degree as to render the classification unconstitutional. Those words were defined in a general way by this court in Davenport v. District of Columbia, D.C.Mun.App., 61 A.2d 486 (1948), and we see no occasion to repeat or elaborate upon that definition. We note, however, that, because of what Mr. Justice Frankfurter referred to as the "intrinsic difficulties of language,"[4] a certain amount of imprecision is inherent wherever words are employed. The Constitution does not require impossible standards;[5] all that is required is a reasonable degree of certainty.[6] Consequently the courts, including the Supreme Court of the United States, have been reluctant to declare statutes unconstitutional merely because of a lack of preciseness in terms used in the statute.[7] We reject appellant's first contention.

Appellant's second contention is that the statute makes criminal the status or condition of poverty and unemployment. We do not agree. No one can be convicted under the statute simply because he is poor or unemployed. Only those who lead an immoral or profligate life are condemned by the statute; and a man of means may be convicted under the statute for leading an immoral and profligate life if his means are derived from an unlawful source, such as dope peddling or gambling.

Affirmed.

1. Henderson v. E Street Theatre Corporation, D.C.Mun.App., 63 A.2d 649 (1948).

2. United States v. Lewis, D.C.Mun.App., 100 A.2d 40, aff'd 94 U.S.App.D.C. 205, 214 F.2d 853, aff'd 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955).

3. Rogers v. District of Columbia, D.C. Mun.App., 31 A.2d 649 (1943); Thomas v. District of Columbia, D.C.Mun.App., 161 A.2d 52 (1960).

4. Baltimore & O. R. Co. v. Kepner, 314 U. S. 44, 59, 62 S.Ct. 6, 86 L.Ed. 28 (1941).

5. United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947).

6. Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367 (1952).

7. See, e. g., Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957) [obscene, lewd, lascivious, or filthy]; Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917); and Cleveland v. United States, 329 U.S. 14, 67 S.Ct. 13, 91 L.Ed. 12 (1946) [any immoral purpose]; Jordan v. De George, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951) [crime involving moral turpitude]; In re Cregler, 56 Cal. 2d 308, 14 Cal.Rptr. 289, 363 P.2d 305 (1961) [loiter].