Scileppi, J.
(dissenting). I disagree and would affirm. A strong presumption of validity attaches to a statute and the heavy burden of proving its invalidity rests upon the appellant who is attacking its constitutionality (e.g., New York State Thruway Auth. v. Ashley Motor Ct., 10 N Y 2d 151; Matter of Roosevelt Raceway v. Monaghan, 9 N Y 2d 293).
In my opinion, the appellant has not discharged his burden.
As Judge Fuld (as he was then) said in People v. Bunis (9 N Y 2d 1, 4): “ The police power is ‘ very broad and comprehensive ’ and in its exercise ‘ the conduct of an individual and the use of property may be regulated so as to interfere, to some extent, with the freedom of the one and the enjoyment of the other ’ * * * But, in order for an exercise of the police power to be valid, there must be ‘ some fair, just and reasonable connection ’ between it and the promotion of the health, comfort, safety *317 and welfare of society.” There can be no doubt that the State has a legitimate interest in discouraging able-bodied men who are capable of working from becoming loafers and public charges (People v. Sohn, 269 N. Y. 330; Hicks v. District of Columbia, 197 A. 2d 154 [D. C. Ct. App., 1964], cert. dsmd. 383 U. S. 252). The State has chosen to achieve that end by imposing criminal penalties on those who are vagrants. It is argued that this end might be better achieved through social welfare legislation rather than through criminal sanctions. This may be so, but the relative merit of one approach over another is for the Legislature to decide and not the courts. As long as the exercise of the State’s police power bears a reasonable relationship to the ends sought to be accomplished, the constitutionality of the statute must be upheld. We cannot strike down the statute because we feel another approach would be better. In my opinion, the appellant has failed to prove that there is no reasonable relationship between the statute in question and the ends it seeks to accomplish. Accordingly, the statute must stand and the judgment below should be affirmed.
Chief Judge Fuld and Judges Bergan, Keating and Breitel concur with Judge Burke; Judge Scileppi dissents and votes to affirm in a memorandum in which Judge Van Voorhis concurs.
Judgment reversed, etc.