# UNITED STATES *v.* SANCHEZ ET AL.

No. 81.   Argued October 20, 1950.—Decided November 13, 1950.

*Philip Elman* argued the cause for the United States. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Caudle, Ellis N. Slack* and *Melva M. Graney.*

No appearance for appellees.

MR. JUSTICE CLARK delivered the opinion of the Court.

This is a direct appeal, 28 U. S. C. § 1252, from dismissal by the District Court of a suit for recovery of $8,701.65 in taxes and interest alleged to be due under § 7 (a) (2) of the Marihuana Tax Act, 50 Stat. 551, now § 2590 (a) (2) of the Internal Revenue Code. 26 U. S. C. § 2590 (a) (2). In their motion to dismiss, which was granted without opinion, defendants attacked the constitutionality of this subsection on the ground that it levied a penalty, not a tax. The validity of this levy is the issue here.

In enacting the Marihuana Tax Act, the Congress had two objectives: "First, the development of a plan of taxation which will raise revenue and at the same time render extremely difficult the acquisition of marihuana by persons who desire it for illicit uses and, second, the development of an adequate means of publicizing dealings in marihuana in order to tax and control the traffic effectively." S. Rep. No. 900, 75th Cong., 1st Sess. 3. To the same effect, see H. R. Rep. No. 792, 75th Cong., 1st Sess. 2.

Pursuant to these objectives, § 3230 of the Code imposes a special tax ranging from $1 to $24 on "every person who imports, manufactures, produces, compounds, sells, deals in, dispenses, prescribes, administers, or gives away marihuana." For purposes of administration, § 3231 requires such persons to register at the time of the payment of the tax with the Collector of the District in which their

businesses are located. The Code then makes it unlawful—with certain exceptions not pertinent here—for any person to transfer marihuana except in pursuance of a written order of the transferee on a blank form issued by the Secretary of the Treasury. § 2591. Section 2590 requires the transferee at the time he applies for the order form to pay a tax on such transfer of $1 per ounce or fraction thereof if he has paid the special tax and registered, § 2590 (a) (1), or $100 per ounce or fraction thereof if he has not paid the special tax and registered. § 2590 (a) (2). The transferor is also made liable for the tax so imposed, in the event the transfer is made without an order form and without the payment of the tax by the transferee. § 2590 (b). Defendants in this case are transferors.

It is obvious that § 2590, by imposing a severe burden on transfers to unregistered persons, implements the congressional purpose of restricting traffic in marihuana to accepted industrial and medicinal channels. Hence the attack here rests on the regulatory character and prohibitive burden of the section as well as the penal nature of the imposition. But despite the regulatory effect and the close resemblance to a penalty, it does not follow that the levy is invalid.

*First.* It is beyond serious question that a tax does not cease to be valid merely because it regulates, discourages, or even definitely deters the activities taxed. *Sonzinsky* v. *United States,* 300 U. S. 506, 513–514 (1937). The principle applies even though the revenue obtained is obviously negligible, *Sonzinsky* v. *United States, supra,* or the revenue purpose of the tax may be secondary, *Hampton & Co.* v. *United States,* 276 U. S. 394 (1928). Nor does a tax statute necessarily fall because it touches on activities which Congress might not otherwise regulate. As was pointed out in *Magnano Co.* v. *Hamilton,* 292 U. S. 40, 47 (1934):

"From the beginning of our government, the courts have sustained taxes although imposed with the collateral intent of effecting ulterior ends which, considered apart, were beyond the constitutional power of the lawmakers to realize by legislation directly addressed to their accomplishment."

These principles are controlling here. The tax in question is a legitimate exercise of the taxing power despite its collateral regulatory purpose and effect.

*Second.* The tax levied by § 2590 (a) (2) is not conditioned upon the commission of a crime. The tax is on the transfer of marihuana to a person who has not paid the special tax and registered. Such a transfer is not made an unlawful act under the statute. Liability for the payment of the tax rests primarily with the transferee; but if he fails to pay, then the transferor, as here, becomes liable. It is thus the failure of the transferee to pay the tax that gives rise to the liability of the transferor. Since his tax liability does not in effect rest on criminal conduct, the tax can be properly called a civil rather than a criminal sanction. The fact Congress provided civil procedure for collection indicates its intention that the tax be treated as such. *Helvering* v. *Mitchell,* 303 U. S. 391 (1938). Moreover, the Government is seeking to collect the levy by a judicial proceeding with its attendant safeguards. Compare *Lipke* v. *Lederer,* 259 U. S. 557 (1922); *Tovar* v. *Jarecki,* 173 F. 2d 449 (C. A. 7th Cir. 1949).

Nor is the civil character of the tax imposed by § 2590 (a) (2) altered by its severity in relation to that assessed by § 2590 (a) (1). The difference has a rational foundation. Unregistered persons are not likely to procure the required order form prior to transfer or pay the required tax. Free of sanctions, dealers would be prone to accommodate such persons in their unlawful activity. The imposition of equally severe tax burdens on such

transferors is reasonably adapted to secure payment of the tax by transferees or stop transfers to unregistered persons, as well as to provide an additional source from which the expense of unearthing clandestine transfers can be recovered. Cf. *Helvering* v. *Mitchell, supra.*

The judgment below must be reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed.*