**UNITED STATES v. PENN et al.**

No. 2021.

United States District Court
M. D. North Carolina.

April 9, 1953.

Elledge & Johnson, Winston-Salem, N. C., for defendant.

Bryce R. Holt, U. S. Atty., Greensboro, N. C., for the United States.

HAYES, District Judge.

The motion in arrest of judgment is urged primarily on the assumption that the Act[1] under which the indictment is predicated is a penalty statute instead of a taxing measure and in support of the motion relies chiefly on United States v. Constantine, 296 U.S. 287, 56 S.Ct. 223, 80 L.Ed. 233.

■ In the Constantine case, a special excise tax of $1000. was levied against dealers when they carry on the business contrary to local state law. This feature of the Act was held unconstitutional because it was not a tax but a penalty for violation of the state law.

There is nothing under Wagering Act which warrants the court in holding that it is not a taxing statute. The tax is not increased or diminished by the fact that the wagering violates the law of a state. It is treated by Congress as a tax act and it would require very cunning use of English language to read into the Act any purpose to impose a penalty for violating the law of a state. Since the language of the Act does not warrant such a conclusion, it follows that the Act must be construed as a taxing Act. Thus construed the Constantine case is authority against the defendants rather than one in support of the motion.

■ It is urged that the applicant for his stamp must tell something against himself and become an informer against his associates or employees. This position is untenable. The Act does not compel him to do anything. If he elects to engage in the wagering business he must apply for and get his stamp. Otherwise he runs the risk of violating the Act and incurring punishment for his crime. This presents a very different situation from that when a court undertakes to compel him to testify against himself or to answer questions which tend to incriminate him in violation of the 5th Amendment.

The exactions of those engaging in wagering are no more burdensome nor likely to incriminate than are the provisions of the Anti-Narcotic Act, 26 U.S.C. § 2550 et seq., and the Marihuana Act, 26 U.S.C. §§ 2590 et seq., 3230 et seq., both having been sustained, the former in Nigro v. United States, 276 U.S. 332, 48 S.Ct. 388, 72 L. Ed. 600; the latter in United States v. Sanchez, 340 U.S. 42, 71 S.Ct. 108, 95 L.Ed. 47.

■ In United States v. Murdock, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210 it is held that a witness cannot excuse himself from answering questions by federal authorities on the ground that his answers would tend to incriminate him for violating the laws of the state. This is sufficient to dispose of the contention that he would furnish information against himself and be-

---

1. Act of Oct. 20, 1951, c. 521, Title IV, Section 471(a) 65 Stat. 529, 26 U.S.C.

§§ 3290 and 3291.

come an informer against those engaged with him. Jack v. Kansas, 199 U.S. 372, 26 S.Ct. 73, 50 L.Ed. 234.

Nor is there any merit in the claim that the act is discriminatory. United States v. Doremus, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493. The mere fact that it renders it unprofitable to engage in the occupation taxed does not invalidate it. Sonzinsky v. United States, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772.

For these reasons, the motion is denied.