928

## WELLS v. CAMPBELL, Collector of Internal Revenue.

### Civ. A. No. 5159.

United States District Court
N. D. Texas, Dallas Division.

July 20, 1953.

McCarthy & Haynes, Amarillo, Tex., for plaintiff.

Frank B. Potter, U. S. Dist. Atty., and Hiram Childress, Asst. U. S. Dist. Atty., both of Fort Worth, Tex., for defendant.

ATWELL, Chief Judge.

Plaintiff alleges that on April 27, 1953, he received an assessment from the defendant Collector of Internal Revenue, for the sum of $16,204.07, composed of items extending from June 1952 through June 1953.

That the Collector's demand is based upon the authority of the Marihuana Tax Act, as shown in 26 U.S.C.A. § 2590, which makes it unlawful for any person to transfer marihuana except in pursuance of a written order of the transferee on a blank form issued by the Secretary of the Treasury. That Section 2590 requires transferee at the time he applies for the order form to pay a tax on such transfer of $1 per ounce if he has paid such tax and registered, section 2590(a) (1), or, $100.00 per ounce if he has not paid such tax and registered, section 2590(a) (2).

The plaintiff then alleges that the Collector is undertaking to punish complainant by a fine and penalty for an alleged criminal offense without a hearing, information, indictment, or trial, which is contrary to the Constitution, and prays that an injunction issue restraining the Collector from collecting the sum demanded by warrant of seizure, distress, sale, or, otherwise, and to require a cancellation of the so-called "tax bill," because the demand upon him was not for taxes, but, in fact, was a penalty for an alleged criminal act.

Plaintiff finds some comfort in Tovar v. Jarecki, 173 F.2d 449. That case was decided by the 7th Circuit, Judge Minton writing the opinion. It is not thought that that case is sound in principle, nor in line with the general policy of refusing to permit injunctions against Federal tax collections. See United States v. Sanchez, 340 U.S. 42, 71 S.Ct. 108, 95 L.Ed. 47.

Other cases are cited by plaintiff, after reciting that he was convicted in the United States District Court at Amarillo, Texas, on June 4, 1953, for having acquired a quantity of marihuana in violation of 26 U.S.C.A. § 2590(a), and sentenced to serve seven years in the penitentiary.

The plaintiff also cites O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980, Bailey v. Drexel Furniture Co., 259 U.S. 20, 42 S.Ct. 449, 66 L.Ed. 817, and the case of Hammer v. Dagenhart, 247 U.S. 251, 38 S.Ct. 529, 62 L.Ed. 1101, each of which cases was, doubtless, before the Su-

preme Court when it was studying the Sanchez case, as reported in 340 U.S. 42, 71 S. Ct. 108, supra.

The defendant moves to dismiss the action because the court has no jurisdiction to restrain the collection of a tax as shown by the prohibition of Section 3653 of the Internal Revenue Code, Title 26 U.S.C.A.

The two exceptions which are in that Section are not applicable here.

The defendant also moves to dismiss on the ground that the plaintiff has an adequate remedy at law, and is not entitled to injunctive relief. Such relief is the making of a claim for the return of the funds which the assessment determines that he owes, and if such claim is not favorably acted upon, bring a suit for the recovery of the amount.

It is rather late to talk about the logic and wisdom that underlies the rule which denies the right of the citizen to enjoin the collection of a national tax. The business in which the plaintiff was engaged illegally, apparently, for some time, and, also, apparently, to a very large extent, brought on the penitentiary sentence, and evidently disclosed the facts of his dealings in the inhibited article so that vigilant national officers found it imperative to make the tax assessment.

There is no equity in favor of the plaintiff, and the motion to dismiss must be sustained.