**Benjamin LASSOFF and Irene Lassoff,**
**Plaintiffs,**

v.

**William M. GRAY, District Director of Internal Revenue, Louisville, Kentucky,**
**Defendant.**

**Civ. A. No. 3626.**

United States District Court
W. D. Kentucky,
Louisville Division.

Oct. 1, 1958.

Daniel W. Davies and Davies & Hirschfeld, Newport, Ky., for plaintiffs.

J. Leonard Walker, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

In this action filed June 17, 1958, the plaintiffs Benjamin Lassoff and his wife, Irene Lassoff, seek to invoke the equity jurisdiction of this Court to restrain William M. Gray, District Director of Internal Revenue at Louisville, Kentucky, in the collection of wagering taxes imposed by Section 4401 of the 1954 Internal Revenue Code, 26 U.S.C.A. § 4401, aggregating the sum of $300,264.-46.

It is alleged in the complaint that the levy and assessment of the taxes were illegal, arbitrary, capricious, and wholly void for the reasons that:

1. During the months of March or April, 1956, plaintiff Benjamin Lassoff was not engaged in the business of accepting wagers on sports events or contests, did not conduct a wagering pool or lottery, and did not accept any wagers; he did not hold a Special Occupational Stamp of the United States to engage in said business and, therefore, was not liable for any tax imposed by the terms of Section 4401 of the 1954 Internal Revenue Code.

2. The levy and assessment were made without previous discussion with the plaintiff or his representative and the basis for the assessment has never been disclosed to plaintiff, despite his written protest against said assessment and his request for a conference with respect to same which plaintiff alleges he filed in writing September 19, 1956.

3. There has not been imposed upon plaintiff an assessment under Section 4411 of the 1954 Internal Revenue Code, 26 U.S.C.A. § 4411, for a Special Occupational Tax of $50 per year against persons liable for the tax under Section 4401 of the Code.

4. The levy and assessment were made by the defendant unreasonably, arbitrarily, and capriciously in that neither the defendant Director nor any subordinate acting under his direction or supervision had any basis for the levy and assessment, and no fact, tax return, or competent evidence upon which the tax could be determined, except some memoranda, notes and materials which were wrongfully and unlawfully seized from the premises at 1045 Monmouth Street in Newport, Kentucky, by agents of the Internal Revenue Service, the use of which materials was suppressed in the United States District Court for the Eastern District of Kentucky sitting at Covington, Kentucky, United States v. Lassoff, 147 F.Supp. 944.

5. Defendant Gray has levied and assessed the same tax, interest, and penalty for identically the same period against each of the following individuals: Myron Deckelbaum, Simon Klayman, and Robert Lassoff.

6. The levy and assessment against plaintiff are in violation of his rights under the Fifth Amendment to the Constitution of the United States in that they deprive the plaintiff of his property without due process of law.

The warrant of assessment was issued on September 12, 1956, and notices of the lien on plaintiffs' property were caused to be recorded in the offices of the County Clerks of Campbell and Kenton Counties, Kentucky, and in the office of the Recorder of Hamilton County, Ohio.

Plaintiff Benjamin Lassoff alleges that he does not have and cannot acquire funds or credit sufficient to pay the assessment and thereby be enabled to proceed under the provisions of Section 7422 of the 1954 Internal Revenue Code, 26 U.S.C.A. § 7422; that his written protest against the levy and assessment filed by him September 19, 1956, requesting a conference with the defendant, resulted only in a report being filed on May 17, 1957, rejecting said protest and request for conference.

Plaintiff alleges that publicity in the press and on the radio have caused him and his family to be held up to ridicule

and scorn; that his credit and business reputation have been practically destroyed; that the sequestration of his property through said liens have prevented him from utilizing his property, or the income therefrom, for the maintenance of his family, and resulted in a reduction in the value of said property; all of which things have reduced plaintiff to the status of a pauper, and rendered him unable to follow any gainful occupation or to provide himself and his family with the necessities of life.

Plaintiff Irene Lassoff is the wife of Benjamin Lassoff. It is alleged that, under the law of the State of Ohio, she is entitled to homestead and is possessed of an inchoate right of dower in all of the real estate owned by her husband, and that a sale of that property, as threatened by the defendant, will deprive her of her right to homestead and dower to the extent that she will sustain irreparable damage for which she has no adequate remedy at law.

The above allegations are admitted for the purpose of considering defendant's motion to dismiss the complaint, in support of which motion defendant states that:

1. This Court is without jurisdiction by reason of the provisions of Section 7421(a) of the 1954 Internal Revenue Code, 26 U.S.C.A. § 7421(a).

2. The complaint fails to state a claim upon which relief can be granted because of the prohibition in Section 7421(a) of the 1954 Internal Revenue Code.

3. This Court lacks power to grant the relief sought because the assessment represents a federal tax and the United States is an indispensable party defendant.

Section 7421(a) of the 1954 Internal Revenue Code is as follows:

"Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Excepted Sections 6212(a) and (c) and 6213(a) are not applicable in this case.

Plaintiffs lean heavily upon the case of Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, in which the Supreme Court recognized the jurisdiction of courts of equity to restrain the collection of a tax where a complainant shows that, in addition to the illegality of an exaction in the guise of a tax, there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence. The Court of Appeals for the Sixth Circuit found such jurisdiction in Midwest Haulers v. Brady, 128 F.2d 496, but on facts easily distinguishable from those in the case at bar.

Subsequently, in the case of Reams v. Vrooman-Fehn Printing Co., 140 F.2d 237, 241, the Court of Appeals for the Sixth Circuit stated the rule which we think is applicable in this case:

"Under the refunding provisions of the statute, appellee could recover all it had lost by such sale, assuming it owed none of the taxes, interest and penalties assessed against it. It will thus be seen that appellee has a fair and reasonable redress and the denial of an injunction on this account would not work irreparable injury. Whatever wrong appellee suffers could be remedied by a money consideration."

In the case of Dyer v. Gallagher, 6 Cir., 203 F.2d 477, 479, the same Court stated:

"It is also well settled that injunctive relief will not be granted on the ground, without more, that the tax has been erroneously or illegally assessed."

The Court of Appeals for the Fourth Circuit, in the case of Jewel Shop of Abbeville, South Carolina v. Pitts, 218 F.2d 692, 694, said:

"The statute prohibiting interference by the courts in tax matters may be relaxed in particular cases under extraordinary and entirely ex-

ceptional circumstances, but as we have held, a claim on the part of the taxpayer that he does not owe a tax, or that it has been illegally and improperly assessed, or that the collection of the tax will result in hardship, does not constitute ground for the issuance of an injunction."

In 1955, in the case of Long v. Gray, D.C., 130 F.Supp. 194, this Court (Judge Swinford) held that mere illegality of the tax or hardship on the taxpayer is not sufficient to justify a district court assuming jurisdiction.

Plaintiffs cite the case of Tovar v. Jarecki, 173 F.2d 449, from the Court of Appeals for the Seventh Circuit. In his opinion in that case, Judge Sherman Minton reversed an order of the district court dismissing a complaint wherein the collection of a tax on marihuana was sought to be enjoined on the grounds that the tax was assessed pursuant to evidence obtained in an illegal search and that the alleged tax was not indeed a tax but a penalty. The reasoning of the Court was that the section of the statute relating to the possession and transfer of marihuana provided a penalty and not a tax, and that, since a penalty inflicted without a hearing did not constitute a tax, the then predecessor statute to Section 7421(a) had no application. The holding in this case was subsequently overruled by the Supreme Court in the case of the United States v. Sanchez, 340 U.S. 42, 71 S.Ct. 108, 95 L.Ed. 47.

From the foregoing authorities, I think it clear that this Court lacks jurisdiction to stay the hand of the Government by injunction in the collection of the tax here involved. An order sustaining the defendant's motion to dismiss the complaint will be entered this day.

In accordance with agreed orders entered September 12, 1958, in Civil Action No. 3635, Myron Deckelbaum and Dorothy Deckelbaum v. William M. Gray, District Director of Internal Revenue, Etc., and Civil Action No. 3636, Robert Lassoff v. William M. Gray, District Director of Internal Revenue, Etc., the decision herein will be controlling in said cases.