**John Albert LIGUORI, Plaintiff,**

v.

**UNITED STATES of America, Thomas E. Scanlon, as District Director of Internal Revenue for the District of Brooklyn, New York, Claude Forbes and Merrill Grossman, Defendants.**

**No. 65-C-854.**

United States District Court
E. D. New York.

Sept. 14, 1965.

Louis Weiser, Brooklyn, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., for Eastern District of New York, Charles A. Simmons, Dept. of Justice, Tax Division, Washington, D. C., Ralph A. Bontempo, Brooklyn, N. Y., of counsel, for defendants.

MISHLER, District Judge.

Motion by plaintiff to enjoin the collection of taxes and directing defendants to return property seized by defendants.

The action is brought under 28 U.S.C. § 1340.[1] The complaint states that bank accounts and personal property were seized by defendants based on " * * * a jeopardy assessment against the plaintiff in the sum of $2212.48 base [sic] upon an alleged 'marihuana transfer tax'." (Complaint par. 5.)

It appears that a tax was imposed pursuant to 26 U.S.C. § 4741(a)(2).[2] Plaintiff claims the tax was illegally imposed because (1) plaintiff is not guilty of the claimed transfer of narcotics and (2) plaintiff was never served with notice of assessment as required by 26 U.S.C. §§ 6212(a) and 6861(b) and 6862.

The marihuana, subject to the claimed tax, was found in plaintiff's apartment by an agent of the Bureau of Narcotics, who had entered the apartment to execute a warrant of arrest issued out of the Southern District of New York.

The tax imposed under § 4741(a)(2) has been held to be "a legitimate exercise of the taxing power," United States v. Sanchez, 1950, 340 U.S. 42, 45, 71 S.Ct. 108, 110, 95 L.Ed. 47, and not a penalty. The Court lacks jurisdiction by the express provision of 26 U.S.C. §

---

1. § 1340 provides in part:
   "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue * * *."

2. § 4741(a) (2) provides:
   "Transfer to others—Upon each transfer to any person who has not paid the special tax and registered under sections 4751 to 4753, inclusive, $100 per ounce of marihuana or fraction thereof."

7421(a).[3] The exceptions to the broad statutory bar to judicial intervention in the collection of taxes is expressly found in the section, and in Miller v. Standard Nut Margarine Co. of Florida, 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 and Enochs v. Williams Packing & Navigation Co., 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292.

The exceptions referred to in the statute, i. e., 6212(a) and (c) and 6213(a) refer only to income, gift and estate taxes.

■ It is appropriate here to refer to plaintiff's claimed violation of 26 U.S.C. § 6862 as a basis for injunctive relief. The section authorizes the Secretary of the Treasury to make immediate assessment of taxes, other than income, estate and gift taxes. Plaintiff's claimed right is misconceived. The section states:

"(a) Immediate assessment.—If the Secretary or his delegate believes that the collection of any tax (other than income tax, estate tax, and gift tax) under any provision of the internal revenue laws will be jeopardized by delay, he shall, whether or not the time otherwise prescribed by law for making return and paying such tax has expired, immediately assess such tax (together with all interest, additional amounts, and additions to the tax provided for by law). Such tax, additions to the tax, and interest shall thereupon become immediately due and payable, and immediate notice and demand shall be made by the Secretary or his delegate for the payment thereof."

■ Plaintiff does not come within the narrow exception of Miller v. Standard Nut Margarine Co. of Florida, supra, where the Court found that the tax was not only illegally imposed, but that its enforcement would destroy the taxpayer's "business, ruin it financially, and inflict loss for which it would have no rem-

edy at law" (284 U.S. pp. 510–511, 52 S.Ct. at p. 264).

■ In Enochs v. Williams Packing & Navigation Co., supra, the Court broadened the exception defined in the Margarine case to include those cases where " * * * it is clear that under no circumstances could the Government ultimately prevail * * *." (370 U.S. at p. 7, 82 S.Ct. at p. 1129.)

■ Considering plaintiff's argument that he has not been found guilty of transferring marihuana, it is clear that it fails to meet the test set out in Enochs. The Government's right rests on good faith, and not upon a conviction in a criminal proceeding. The principle is stated in Enochs, 370 U.S. at page 7–8, 82 S.Ct. at p. 1129, as follows:

"We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. * * * Thus, in general, the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid."

■ Plaintiff would not be entitled to the relief requested solely upon the showing of the Government's lack of good faith. Plaintiff must also show that he has no remedy at law Botta v. Scanlon, 1963, 2d Cir., 314 F.2d 392, note 1 on p. 394; mere inconvenience or financial embarrassment in the conclusory language offered is not enough. Botta v.

---

3. § 7421 is captioned "Prohibition of suits to restrain assessment or collection." Subd. (a) provides:
   "Tax.—Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Scanlon, 1961, 2 Cir., 288 F.2d 504, 506.

Motion by plaintiff is denied. Since the Court lacks jurisdiction over the subject matter, the complaint is dismissed on the Court's motion. Matthiesen v. Northwestern Mutual Ins. Co., 1961, 5th Cir., 286 F.2d 775; Hackner v. Guaranty Trust Co. of N. Y., 1941, 2d Cir., 117 F.2d 95, cert. denied, 1941, 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520; Central Mexico Light & Power Co. v. Munch, 1940, 2d Cir., 116 F.2d 85.

Settle order on two (2) days notice directing the Clerk to enter judgment dismissing the complaint.