U. S. A.

v.

**GARRISON, WERTHEIM & GOLDMAN.**

No. 69 Cr. 354.

United States District Court
S. D. New York.

Oct. 3, 1969.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City, for the United States; Charles B. Updike, Asst. U. S. Atty., of counsel.

Leonard L. Steinman, New York City, for defendants Garrison and Wertheim.

COOPER, District Judge.

Defendants Garrison and Wertheim move for various forms of relief.

■ They first seek dismissal of the two count indictment with charges both a substantive violation of the federal narcotics laws relating to marihuana, 21 U.S.C. § 176a and a conspiracy to violate the same section, on the ground that their timely and proper assertion of the privilege against self-incrimination provides a complete defense to this prosecution. We disagree.

Both counts charge defendants with knowing that the marihuana they possessed was imported into the United States contrary to law, in that it was imported in violation of 26 U.S.C. §§ 4751 and 4753 which require payment of an occupational tax and registration by every importer. Defendants, admittedly unauthorized to deal in marihuana, could not have avoided these alleged violations by self-incrimination, even if they had sought to do so, because as persons not licensed or legally qualified to engage in such activity they would not be permitted to register or pay the tax. See Leary v. United States, 395 U.S. 6, 18, 24 n. 38, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); 26 C.F.R. §§ 152.23 and 152.24. See also, Harris v. United States, 299 F.Supp. 382, 384 (S.D.N.Y. 1968).

In *Leary* the Government contended that the defendant therein could not incriminate himself because, as a non-registrant, administrative regulations would not permit him to obtain order forms necessary to payment of the transfer tax. The Supreme Court disagreed, however, holding "that Congress did intend that a nonregistrant should be able to obtain an order form and prepay the transfer tax", 26 U.S.C. § 4741, and that regulations to the contrary were *ultra vires*. This holding was based on (1) explicit provisions for both a tax on registrants and nonregistrants alike, yet no distinction made limiting who should be able to obtain order forms; (2) the legislative history; (3) apparent prior lack of knowledge of these regulations on the part of the Government itself.

These factors are not present here in the case of regulations forbidding registration by one not lawfully entitled to deal in marihuana. To the contrary, the legislative history indicates that Congress intended that only legitimate handlers of marihuana are required to register and pay the occupational tax. See Leary v. United States, *supra* at 24 n. 38, 89 S.Ct. 1532.

■■ Although not raised by petitioner, we see no merit to the point that refusal to accept registration and prepayment of the occupational tax by one not lawfully qualified to deal in marihuana precludes indictment and conviction for possession of marihuana known to be illegally imported without payment of the tax. Defendants' ineligibility to

**421**

pay the tax does not excuse commission of the independently forbidden acts here alleged. Moreover, the fact that these regulations combined with §§ 4751–4753 operate to prohibit any and all importation of or dealing in marihuana by persons not legally qualified does not render these provisions unconstitutional. See Webb v. United States, 249 U.S. 96, 39 S.Ct. 217, 63 L.Ed. 497 (1919); Nigro v. United States, 276 U.S. 332, 351–354, 48 S.Ct. 388, 72 L.Ed. 600 (1928); United States v. Doremus, 249 U.S. 86, 93–94, 39 S.Ct. 214, 63 L.Ed. 493 (1919); Browning v. United States, 366 F.2d 420, 422 (9th Cir. 1966); Brief for the United States at 25–29, Leary v. United States, *supra*; Brief for the United States at 21–22, United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969). See also, United States v. Sanchez, 340 U.S. 42, 71 S.Ct. 108, 95 L.Ed. 47 (1950).

Accordingly, we deny the motion.

They next move for discovery pursuant to Rule 16, F.R.Crim.P. Requests 1 and 2 granted to the extent consented to by the Government. Request 3 granted. See United States v. Tanner, 279 F.Supp. 457, 468–469 (D.Ill. 1967); United States v. Pilnick, 267 F.Supp. 791, 801 (S.D.N.Y.1967); 8 Moore, Federal Practice ¶ 16.05[4] at 16–47 and 16–48 (2d ed. 1968); 1 Wright, Federal Practice & Procedure § 254 at 513 (1969). Request 4 granted. See Rules 16(a) (3) and (b), F.R.Crim.P. Request 5 denied.

We dispose of their request for a bill of particulars, pursuant to Rule 7(f), F.R.Crim.P. as follows:

Items 4 and 5 granted. See United States v. Pilnick, 267 F.Supp. 791, 801 (S.D.N.Y. 1967).

All other items denied. With regard to items 6, 7, 10 and 17 hereby denied, see discovery requests 3 and 4 granted above.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.