**UNITED STATES of America,
Appellee,**

v.

**Spencer CHANEY, Appellant.**

**No. 23842.**

United States Court of Appeals,
Ninth Circuit.

May 6, 1971.

James M. Carter, Circuit Judge, concurred and filed opinion.

Michael Kennedy (argued), San Francisco, Cal., for appellant.

Allan D. Streller (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, CARTER, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Chaney appeals from his conviction on nine counts charging violations of federal narcotics laws: count one, receipt and transportation of unlawfully imported heroin (21 U.S.C. § 174); count two, sale of unlawfully imported heroin (21 U.S.C. § 174); count three, sale of heroin without obtaining a Treasury Department order form (26 U.S.C. § 4705 (a)); counts four and nine, receipt and transportation of unlawfully imported marihuana (21 U.S.C. § 176a); count

five, sale of unlawfully imported marihuana (21 U.S.C. § 176); count six, sale of marihuana without obtaining a Treasury Department order form; count seven, sale of cocaine without obtaining a Treasury Department order form; count eight, conspiracy to violate 21 U.S.C. § 176a.

The Government concedes that Leary v. United States (1969) 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 requires reversal of counts four, five, eight, and nine, each of which relates to marihuana.

Chaney's remaining arguments have been defeated by a series of Supreme Court decisions. The statutory inference of knowledge of illegal importation drawn from possession of heroin was upheld in Turner v. United States (1970) 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610. His challenges to the order-form requirements of the statutes that are the basis of his conviction upon counts three, six, and seven are thwarted by Minor v. United States (1969) 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283; United States v. Sanchez (1950) 340 U.S. 42, 43, 71 S.Ct. 108, 95 L.Ed. 47, and Sonzinsky v. United States (1937) 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772. Finally, Chaney argues that all his convictions must be reversed because much of the evidence against him was obtained by Government agents eavesdropping on his telephone conversations with an informer. The agents had the informer's permission to listen, but Chaney argues that it was a violation of his Fourth Amendment rights for them to do so without his knowledge or permission. In United States v. White (1971) 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 the Supreme Court held that the Government needed the permission of only one of the parties to a conversation to monitor that conversation lawfully.

That part of the judgment based on counts four, five, eight, and nine of the indictment is reversed; the remainder of the judgment is affirmed. The cause is remanded for a new trial on counts four, five, eight, and nine.

JAMES M. CARTER, Circuit Judge (concurring).

In United States v. Scott (in banc 1970) 9 Cir., 425 F.2d 55, we held that Leary v. United States (1969) 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, was fully retroactive. If the decision in *Scott* is correct, then I would have no problem with the opinion in this case.

However, *Leary*, for its holding on self incrimination, relied on Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). On April 5, 1971, the Supreme Court decided Mackey v. United States, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404, holding that *Marchetti* and *Grosso* were not retroactive and were to be applied only to prosecutions begun after the date they were announced. Thus the underpinning for our decision in *Scott*, as to the retroactive effect of *Leary*, seems to have been cut away.

In our case the defendant was sentenced on May 16, 1968, one year prior to *Leary* which came down on May 19, 1969. If *Leary* is not to be retroactive then we should also affirm counts IV, V, VIII and IX as well as the remaining counts.

However, since the defendant has five concurrent sentences to serve on the remaining counts, I concur in the majority opinion.