**Scot L. ROBERTSON,
Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 78–1046.**

United States Court of Appeals,
Seventh Circuit.

Argued May 22, 1978.

Decided Aug. 18, 1978.

Rehearing Denied Nov. 9, 1978.

Andrew M. Schatz, Chicago, Ill., for plaintiff-appellant.

Joan Oppenheimer, App. Section, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before PELL and WOOD, Circuit Judges, and HARPER, Senior District Judge.*

HARPER, Senior District Judge.

On July 26, 1970, the plaintiff-appellant, Scot L. Robertson, was assessed $47,800.00 under the Marijuana Transfer Tax Act, 26 U.S.C. § 4741 (repealed by Act Oct. 27, 1970, P.L. 91–513, 84 Stat. 1292). This assessment arose out of the appellant's conviction for possession of marijuana in the State of Indiana in 1969, wherein 477.5 ounces of marijuana were confiscated from him. A lien was placed upon the Helen L. Robertson Trust at City National Bank, Kankakee, Illinois, of which Robertson is a beneficiary. Robertson filed suit in the District Court to enjoin the execution of the lien against the trust account and collection of the assessment. The District Court dismissed Robertson's complaint for injunctive relief against the United States, holding that injunctive relief is prohibited by the Anti-Injunction Statute, 26 U.S.C. § 7421. This appeal followed. We reverse and remand.

In *Tovar v. Jarecki,* 173 F.2d 449 (7th Cir. 1949) this Court held that the Anti-Injunction Statute did not apply to an action to collect an assessment under the Marijuana Transfer Tax. The Court observed that the transfer tax was penal in nature, and not enacted as a revenue-raising statute. As such, the Anti-Injunction Statute of the Internal Revenue Code had no application and a court of equity could enjoin the assessment and collection of such a penalty. *Tovar v. Jarecki,* supra, at 451.

The decision in *Tovar* was based on the Supreme Court's decision in *Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061 (1922). Tovar v. Jarecki,* supra, at 451. In *Lipke,* the Supreme Court held a liquor tax

during Prohibition was in reality a penalty. It went on to state at 259 U.S. 562, 42 S.Ct. 551:

"Before collection of taxes levied by statutes enacted in plain pursuance of the taxing power can be enforced, the taxpayer must be given fair opportunity for hearing; this is essential to due process of law. And certainly we cannot conclude, in the absence of language admitting of no other construction, that Congress intended that penalties for crime should be enforced through the secret findings and summary action of executive officers. The guarantees of due process of law and trial by jury are not to be forgotten or disregarded." (Citations omitted.)

Both the *Tovar* and the *Lipke* decisions were cited with approval in *United States v. Sanchez, 340 U.S. 42, 45, 71 S.Ct. 108, 95 L.Ed. 47 (1950).* There the United States brought suit to recover taxes alleged to be due under the Marijuana Tax Act. In upholding the constitutionality of the tax, the Court stated in 340 U.S. 45, at 71 S.Ct. 110:

"Moreover, the Government is seeking to collect the levy by a judicial proceeding with its attendant safeguards. *Compare Lipke v. Lederer, 259 U.S. 557, [42 S.Ct. 549, 66 L.Ed. 1061] (1922); Tovar v. Jarecki, 173 F.2d 449 (7th Cir. 1949)."*

■ The Anti-Injunction Statute, 26 U.S.C. § 7421 is inapplicable to a case involving the collection of an assessment under the Marijuana Transfer Tax. The district court's grant of the government's motion to dismiss is therefore erroneous.

■ The government asserts that the decisions in *Lipke* and *Tovar* were implicitly overruled by the decisions in *Enochs v. Williams Packaging & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962),* and *Bob Jones University v. Simon, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).* We reject the government's assertion. Neither *Williams Packaging* nor *Bob Jones*

---

* Senior District Judge Roy W. Harper of the Eastern and Western Districts of Missouri sitting by designation.

*University* involved the exaction of a purely regulatory tax. These cases involved federal social security taxes (FICA), federal unemployment taxes (FUTA), and federal income taxes, all of which are clearly revenue-raising. *Bob Jones University v. Simon,* supra at 725 n. 12, 94 S.Ct. 2038. The decisions in *Williams Packaging* and *Bob Jones University* did not make any express determination as to the different treatment afforded regulatory taxes as opposed to revenue-raising taxes under the Anti-Injunctive Statute, 26 U.S.C. § 7421.

Accordingly, the dismissal of the action by the District Court is reversed and the case is remanded for proceedings consistent with the decision herein.