Richard R. EHM, Douglas E. Blew, John J. Bohndorf, Larry G. Breuel, Bernie E. Candler, Greyling B. Carey, Timothy A. Cavlovic, Manuel J. Diaz, Gary K. Fuller, Harry C. Geagan, James O. Gomer, L.W. Hill, Jr., Jon R. Kern, Michael Kraft, Ben Lohman, Jr., Carl D. Martin, Terrance M. Null, Jack G. O'Hare, Howard F. Park, Burnett Porte, Jr., Sammie Powell, Jr., John C. Price, C.R. Sands, Robert L. Sayles, Stanley L. Snook, Jr., James Swinney, William E. Thomas, Tony M. Velder, and Thomas R. Yeats, Plaintiffs,

v.

PHILLIPS PETROLEUM COMPANY, First National Bank in Bartlesville, Bartlesville, Oklahoma, and O.W. Armstrong, Defendants.

Civ. A. No. 83–2266.

United States District Court, D. Kansas.

April 26, 1984.

John H. Fields, Carson, Fields, Boal, Jeserich & Asner, Kansas City, Kan., for plaintiffs.

Jeffrey S. Nelson, Shook, Hardy & Bacon, Overland Park, Kan., James H. Ott-

man, Shook, Hardy & Bacon, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

O'CONNOR, Chief Justice.

This matter is presently before the court on defendants' motion for summary judgment. Oral argument was held on April 16, 1983. The court has reviewed the arguments and briefs of the respective parties and is now prepared to rule.

■■■ As a preliminary matter, it must be remembered that in considering a motion for summary judgment the court is required to examine all the evidence in a light most favorable to the party opposing the motion. *Mogle v. Sevier County School District,* 540 F.2d 478, 482 (10th Cir.1976), *cert. denied,* 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 572 (1977). The burden is upon the moving party to prove its entitlement to summary judgment beyond a reasonable doubt. *Madison v. Deseret Livestock Co.,* 574 F.2d 1027, 1037 (10th Cir.1978). Summary judgment is a drastic remedy to be applied with caution in order to preserve a litigant's right to trial. *Machinery Center, Inc. v. Anchor National Life Ins. Co.,* 434 F.2d 1, 6 (10th Cir. 1970). If, after consideration of all the facts and the drawing of all inferences from those facts in favor of the party opposing the motion, it is discovered that no triable issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law, the motion for summary judgment should be granted. *Ando v. Great Western Sugar Co.,* 475 F.2d 531, 535 (10th Cir.1973). It is in light of these standards that we consider the pending motion.

The following facts are not controverted. Plaintiffs were formerly employed by defendant Phillips Petroleum Company at its Kansas City refinery. The Kansas City refinery was closed on August 31, 1982. Plaintiffs were among 415 employees at the Kansas City refinery who were participating in the Thrift Plan of Phillips Petroleum Company and subsidiary companies on that date. There were 16,444 total participants in the Thrift Plan, nationwide. Following the closing of the Kansas City refinery, the Thrift Plan deposits of each plaintiff were distributed to him by the defendants. Plaintiffs brought this lawsuit to obtain portions of the Thrift Plan funds attributable to employer contributions on behalf of each plaintiff.

The central issue in this case and in defendants' motion for summary judgment is whether the plaintiffs had a vested interest in the employer contributions to the Thrift Plan fund. The Plan provides that an employee's interest in the employer contributions to the fund becomes vested, *inter alia,* "upon the termination, or partial termination, of the Plan ... (all as determined by application of the relevant provisions of the Revenue Code)." (Article IX, § 2.G.) Thus, in determining whether a termination or partial termination of the Plan has occurred, resort must be had to the provisions of the Internal Revenue Code.

Section 401(a)(7) of the Internal Revenue Code, 26 U.S.C. § 401(a)(7), provides that a plan will not be qualified for tax purposes unless it satisfies the requirements of Code § 411, 26 U.S.C. § 411. Section 411(d)(3) establishes a minimum vesting requirement in the case of any termination or partial termination. It provides in relevant part that:

> upon [the] termination or partial termination ... the rights of all affected employees to benefits accrued to the date of such termination [or] partial termination, to the extent funded as of such date, or the amounts credited to the employees' accounts, are nonforfeitable.

26 U.S.C. § 411(d)(3).

The term "partial termination" is not defined in the statute. Although the Treasury Department Regulations do not define "partial termination" either, they do provide that the existence of a partial termination "shall be determined by the Commissioner with regard to all the facts and circumstances in a particular case." Treas.

Reg. § 1.411(d)–2(b) [codified at 26 C.F.R. § 1.411(d)–2(b) ].

■ Defendants contend that because the closing of the Kansas City refinery resulted in the termination of only 415, or approximately 2.5 percent, of the total of 16,444 participants in the Thrift Plan nationwide, this was not a "significant percentage" and thus not a "partial termination." Although not prescribed by the statute or the regulations, the "significant percentage" standard has consistently been applied by the Internal Revenue Service in its revenue rulings to determine whether a partial termination has occurred. Rev.Rul. 81–27, 1981–1 C.B. 228; Rev.Rul. 73–284, 1973–2 C.B. 139; Rev.Rul. 72–439, 1972–2 C.B. 223. Under this standard, unless a "significant percentage" of the total employees participating in a given thrift plan were excluded (by termination or otherwise) from the plan, no partial termination of the plan is found. *See* Rev.Rul. 72–439, *supra.* Revenue rulings, although not entitled to the same weight as Treasury Regulations, "have the force of legal precedents unless unreasonable or inconsistent with the provisions of the Internal Revenue Code." *Dunn v. United States,* 468 F.Supp. 991, 993 (S.D.N.Y.1979). At least two federal district courts have applied the significant percentage test. *Wishner v. St. Luke's Hospital Center,* 550 F.Supp. 1016 (S.D.N.Y.1982); *Beck v. Shaw Industries, Inc.,* No. C81–72A (N.D.Ga., *unpublished,* 12/29/81).

Plaintiffs argue that this case should not be governed by the significant percentage test and that the court should, instead, look to all of the facts and circumstances in the case. During the hearing on the pending motion, the court asked counsel to describe what evidence of the "facts and circumstances" they would present if the case were to proceed to trial. Counsel for plaintiffs replied that the evidence would show the number of employees affected, the economic impact upon them, and the size of the business involved. Counsel for defendants indicated that the defense would present no additional evidence at trial.

We note that there is no dispute as to the number of employees affected locally, or as to the total number of employees who participate in the Thrift Plan. We take judicial notice of the economic hardship that the closing of defendant Phillips' Kansas City refinery and the exclusion from the Thrift Plan has inflicted upon plaintiffs and others similarly situated. The court concludes that there is no issue of material fact remaining for trial.

The sole issue remaining, therefore, is a question of law: whether there was a "partial termination" of the Thrift Plan. Defendants, as was noted previously, contend that the significant percentage test controls, and that 2.5 percent is not a significant percentage. In response, plaintiffs urge that the significant percentage test need not and should not be controlling in cases where a "substantial number" of employees were excluded from the plan.

There appear to be no cases or revenue rulings in which as many as 400 employees were excluded from participation in a thrift plan. The largest number of excluded employees in any case found by the court or the parties was 100 (or 5.5% of the 1,599 employees participating in the plan) in *Beck v. Shaw Industries, supra.* There, the court, following an IRS ruling in the same case, applied the "significant percentage" standard and found that no partial termination had occurred.

The largest number of excluded employees in any revenue ruling found by the court or the parties was 120 (of 170 participating in the plan). Rev.Rul. 72–439, *supra.* There, the Internal Revenue Service determined that there had been a partial termination of the plan, because a significant percentage (70%) of the participating employees had been excluded.

■ Although the number of employees excluded in the case at bar (415) is greater than the numbers in either *Beck* or Revenue Ruling 72–439, we are not persuaded that this difference alone provides an adequate basis for disregarding the significant percentage test. Accordingly, we will apply the significant percentage test in this

case. Because only 2.5% of the participating employees were excluded, we cannot say that a significant percentage were excluded from participation in the Thrift Plan. Therefore, no partial termination occurred, and plaintiffs have no vested interest in the employer's contributions. Defendants are entitled to judgment as a matter of law.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment be and hereby is granted. Counsel are hereby directed to prepare, circulate, and submit a proposed journal entry of judgment in accordance with the terms of this order.