The Honorable Sandy Praeger State Senator, Second District 3601 Quail Creek Court Lawrence, Kansas 66047
David Prager, III Acting General Counsel Kansas Department of Revenue Docking State Office Building 915 S.W. Harrison Street Topeka, Kansas 66612-1588
Dear Senator Praeger and Mr. Prager:
You each have requested our opinion regarding the recent United States Supreme Court decision, Montana Department of Revenue v. Kurth Ranch, etal., No. 93-144 (June 6, 1994), and its possible effect on the Kansas drug tax statutes, K.S.A. 79-5201 et seq.
Kurth Ranch was a 5-4 decision in which the Supreme Court affirmed the court of appeals for the ninth circuit in holding that Montana's dangerous drug tax act was unconstitutional as applied to the Kurths.Id., at 2, 3. While the court of appeals decision was affirmed, the Supreme Court applied a different analysis to reach the same conclusion. The court of appeals applied the test the Supreme Court had used inUnited States v. Halper, 490 U.S. 435 (1989) to determine whether a civil penalty constituted a "punishment" for purposes of the double jeopardy clause. That test involved determining whether the sanction imposed was rationally related to the damages suffered by the government. In reKurth Ranch, 986 F.2d 1308, 1311. If not, the court reasoned, the sanction constitutes an impermissible second punishment. Id., at 1312. The Supreme Court found Halper inapplicable because it dealt with a civil penalty rather than a tax. Kurth Ranch, at 3, 4. The Court instead took a "totality of the circumstances" approach to determine whether the tax at issue was in fact a punishment.
 "Taken as a whole, this drug tax is a concoction of anomalies, too far-removed in crucial respects from a standard tax assessment to escape characterization as punishment for the purpose of Double Jeopardy analysis." Id., at 5.
Initially the Court noted that "neither a high rate of taxation nor an obvious deterrent purpose automatically marks this tax a form of punishment." Id., at 4. The Court did not reverse its previous rulings that "[a]s a general matter, the unlawfulness of an activity does not prevent its taxation." Id. See also Marchetti v. United States,390 U.S. 39, 44, 19 L.Ed.2d 889, 88 S.Ct. 697 (1968); United States v.Sanchez, 340 U.S. 42, 95 L.Ed. 47, 71 S.Ct. 108 (1950); United States v.Constantine, 296 U.S. 287, 293, 80 L.Ed. 233 (1935). However, the Court highlighted two characteristics of the Montana tax that, taken together with its high rate and deterrent purpose, caused it to be a punishment and therefore violative of the double jeopardy clause. The first of these two characteristics was the fact that the tax was conditioned on the commission of a crime. The Court emphasized that the Montana tax, by regulation, was exacted only after the taxpayer had been arrested on illegal possession charges. "Persons who have been arrested for possessing marijuana constitute the entire class of taxpayers subject to the Montana tax." Kurth Ranch, at 5. The second characteristic of the Montana tax that the Court discussed was that while it purported to be a property tax, it was not actually levied until the property was no longer owned by or in the possession of the taxpayer, the drugs having been seized pursuant to the criminal prosecution. Id. Because these appear to be the determinative factors in the majority's opinion, we compare the Kansas statutes to Montana's law in these two respects.
The Kansas drug tax is imposed on marijuana and controlled substances in specified amounts. K.S.A. 1993 Supp. 79-5204. The tax is "due and payable immediately upon acquisition or possession in this state. . . ." K.S.A. 1993 Supp. 79-5204(d). The procedure set forth for collecting the tax is similar to that used for cigarettes and alcoholic liquor: persons in possession of specified amounts of marijuana or controlled substances must have affixed thereto tax stamps in the required amounts. If the director of taxation becomes aware of a failure to have tax stamps affixed as required, the director is to send notice of the tax, penalties and interest to the taxpayer and, if payment is still not remitted, precede to collect the tax in the same manner provided for collection of delinquent income taxes. K.S.A. 1993 Supp. 79-5205. Thus, unlike the Montana tax, the Kansas tax is not conditioned upon commission of a crime, but rather the acceptance/acquisition of untaxed drugs. "[I]mposition of the tax does not expressly depend on the illegal nature of the sale or possession of marijuana. . . ." State v. Berberich,248 Kan. 854, 865 (1991), quoting State v. Matson, 14 Kan. App. 2d 632,640 (1990). Nor is the Kansas tax conditioned upon arrest for illegal possession of the drugs; there exists a mechanism whereby the tax may be collected, and has in fact been collected, absent an arrest for possession. This feature was conspicuously lacking in the Montana tax scheme. To further distance the tax from any criminal proceedings based on illegal possession, the Kansas statutes prohibit disclosure of any information contained in a return and use of such information against the taxpayer in any criminal proceeding. K.S.A. 79-5206. Additionally, the taxpayer is not required to disclose his or her identity when purchasing tax stamps. K.S.A. 1993 Supp. 79-5204(b).
With regard to the second suspect feature of the Montana tax, assessment only after the property ostensibly being taxed was no longer owned or possessed by the taxpayer, again the Kansas statutes are markedly different. As mentioned previously, the Kansas tax is due and payable immediately upon acquisition or possession of the drug in a specified amount. Unlike the Montana tax, the Kansas tax is intended to be levied when the taxpayer is in possession of the property.
In our opinion, the aforementioned factors clearly distinguish the Kansas drug tax from that at issue in the Kurth Ranch case. Therefore, the Kurth Ranch decision should not be read to strike down the Kansas drug tax statutes. In that we conclude the Kansas statutes withstand a double jeopardy challenge, we need not address your questions regarding prosecution for other offenses and whether assessment of a drug tax precludes prosecution for criminal drug laws.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm