STATE OF NORTH CAROLINA v. CHRISTOPHER MORGAN

No. COA94-1196

(Filed 4 April 1995)

**Narcotics, Controlled Substances, and Paraphernalia § 34 (NCI4th)— trafficking in cocaine by possession—failure to pay excise tax on a controlled substance—no double jeopardy**

Defendant was not put twice in jeopardy by being sentenced both for trafficking in cocaine by possession and for failure to pay

excise tax on a controlled substance, since successive criminal prosecutions were not an issue; defendant was charged with two distinct criminal statutes which required proof of different elements; and neither of the crimes in question was a lesser included offense of the other.

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.13 et seq.**

Appeal by defendant from order entered 29 July 1994 by Judge James R. Strickland in Onslow County Superior Court. Heard in the Court of Appeals 20 March 1995.

On 3 April 1992, a jury found defendant guilty both of trafficking in cocaine by possession and of failure to pay excise tax on controlled substances. The trial court imposed sentences of seven years and two years for the respective convictions and defendant appealed. This Court found no error in *State v. Morgan*, 111 N.C. App. 662, 432 S.E.2d 877 (1993).

On 9 June 1994, defendant filed a motion for appropriate relief with the trial court contending that his convictions for trafficking and for failure to pay excise tax placed him in jeopardy twice for the same offense and were unconstitutional. From the trial court's denial of his motion, defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Christopher E. Allen, for the State.*

*David L. Best for defendant-appellant.*

WALKER, Judge.

Defendant contends that the trial court erred in denying his motion for appropriate relief because his convictions for trafficking in cocaine by possession and for failure to pay excise tax on the controlled substance constitute double jeopardy. He argues that the punishments imposed upon those convictions violate the prohibition against multiple punishments for the same offense, citing *Department of Revenue of Montana v. Kurth Ranch*, 114 S.Ct. 1937 (1994). We disagree and find no error.

We first address the State's contention that defendant's appeal should be dismissed. The State correctly contends that defendant has no right to appeal from the trial court's denial of his motion for appro-

priate relief but must raise this issue by writ of certiorari. A trial "court's ruling on a motion for appropriate relief pursuant to G.S. 15A-1415 is subject to review . . . [i]f the time for appeal has expired and no appeal is pending, by writ of certiorari." N.C. Gen. Stat. § 15A-1422(c)(3) (1988). This Court disposed of defendant's appeal from his convictions approximately ten months before defendant filed his motion for appropriate relief with the trial court. Accordingly, the trial court's ruling on defendant's motion for appropriate relief is reviewable only by writ of certiorari. *Id.* In our discretion and pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure, we treat defendant's attempted appeal as a petition for a writ of certiorari, issue the writ, and address the merits.

"The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986). In *Kurth Ranch*, the United States Supreme Court found an attempt by the State of Montana to collect a civil drug tax in a proceeding subsequent to the criminal prosecution to be "the functional equivalent of a successive criminal prosecution that placed the Kurths in jeopardy a second time 'for the same offence [sic].' " *Kurth Ranch*, 114 S.Ct. at 1948. The Court further stated that such a second punishment "must be imposed during the first prosecution or not at all." *Id.*

In the case *sub judice*, the State sought to collect the drug excise tax from defendant in the same prosecution. Therefore, successive criminal prosecutions are not an issue. As for defendant's contention that the trial court imposed multiple punishments for the same offense, it is without merit. The State charged defendant with violating two distinct criminal statutes which required proof of different elements. Trafficking in cocaine by possession requires that an individual possess twenty-eight grams or more, but less than 200 grams, of cocaine. N.C. Gen. Stat. § 90-95(h)(3)(a) (1993). The offense of failure to pay excise tax on controlled substances involves possession of seven or more grams of a controlled substance "upon which the tax due under this Article has not been paid, as evidenced by a stamp. . . ." N.C. Gen. Stat. § 105-113.110(a) (1992); N.C. Gen. Stat. § 105-113.106(3) (1992). Since neither of the crimes in question is a lesser included offense of the other, the convictions fail to support a plea of double jeopardy. *See State v. Etheridge*, 319 N.C. 34, 352 S.E.2d 673 (1987). We hold that defendant was not put twice in jeop-

ardy by being sentenced both for trafficking in cocaine by possession and for failure to pay excise tax on a controlled substance.

No error.

Judges COZORT and MARTIN, JOHN C. concur.