STATE OF NEBRASKA, APPELLEE, V. MICKEY M. STUBBLEFIELD,
APPELLANT.

543 N.W.2d 743

Filed February 23, 1996.   No. S-95-396.

Dennis R. Keefe, Lancaster County Public Defender, and Scott P. Helvie for appellant.

Don Stenberg, Attorney General, and Joseph P. Loudon for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

We have granted the State's petition to bypass the review of the Nebraska Court of Appeals pursuant to Neb. Rev. Stat. § 24–1106 (Cum. Supp. 1994). We are asked to determine whether prosecuting Mickey M. Stubblefield for possession of marijuana with intent to deliver (Neb. Rev. Stat. § 28–416 (Reissue 1989)), after a tax for the same marijuana has been assessed against him pursuant to Nebraska's marijuana and controlled substances tax statutes, Neb. Rev. Stat. §§ 77–4301 to 77–4316 (Reissue 1990 & Cum. Supp. 1992), violates the constitutional prohibition against double jeopardy.

Stubblefield appeals from an order of the district court for Lancaster County, overruling his plea in bar to criminal possession of marijuana with intent to deliver charges. The district court found that the Double Jeopardy Clauses of the U.S. and Nebraska Constitutions are not applicable because the drug tax assessed against Stubblefield pursuant to the drug tax statutes did not constitute punishment for purposes of double jeopardy. We affirm the district court's finding that double jeopardy does not bar the criminal prosecution of Stubblefield for possession with intent to deliver, but we reach this conclusion on the basis of different reasoning.

We find that the criminal possession with intent to deliver charge does not constitute the same offense as the tax assessment under the drug tax statutes. Thus, we conclude that Stubblefield's plea in bar to the criminal prosecution on the grounds that it would constitute a second prosecution and/or multiple punishment for the same offense is without merit. We therefore affirm.

## ASSIGNMENTS OF ERROR

Stubblefield alleges the district court erred in not finding that the criminal possession of marijuana with intent to deliver charge was barred by the Double Jeopardy Clauses of the U.S. and Nebraska Constitutions, because that charge, in addition to the tax assessment, subjects him to: (1) multiple punishment and/or (2) successive criminal prosecution for the same offense.

The State contends that Stubblefield's first assignment of error is premature because he has not paid any of the drug tax and, thus, has not been punished for purposes of double jeopardy. Since we are affirming the district court's judgment for other reasons, we need not consider whether Stubblefield's multiple punishment claim is ripe.

## SCOPE OF REVIEW

Regarding questions of law, an appellate court is obligated to reach a conclusion independent of determinations reached by the trial court. *State v. Lynch*, 248 Neb. 234, 533 N.W.2d 905 (1995).

## BACKGROUND

On March 19, 1993, Stubblefield was stopped by officers from the Lincoln Police Department while operating a motor vehicle in Lincoln, Nebraska. The officers discovered a sealed package in Stubblefield's car which contained 320 ounces (20 pounds) of marijuana. As a result, Stubblefield was arrested for unlawful possession of marijuana with intent to deliver. No drug tax stamp was affixed to the marijuana.

Pursuant to the drug tax statutes, officers from the police department submitted to the Tax Commissioner a Nebraska drug tax assessment information sheet informing the commissioner of the seizure of 320 ounces of marijuana from Stubblefield's vehicle. The marijuana was taxed at a rate of $100 per ounce for a total tax of $32,000. In addition, the commissioner assessed a 100–percent penalty for nonpayment of the tax in the amount of $32,000, and interest in the amount of $257.75. The assessment of the tax, penalty, and interest created a tax lien in favor of the State against property in possession or owned by Stubblefield in the amount of $64,257.75. Neb. Rev. Stat. §§ 77–3901 to 77–3909 (Reissue 1990). The commissioner filed a notice of state tax lien with the Lancaster County register of deeds and a notice of levy in the district court for Lancaster County.

After the Tax Commissioner initiated tax collection efforts under the Uniform State Tax Lien Registration and Enforcement Act, the State, through the Lancaster County Attorney, initiated criminal prosecution against Stubblefield for the felony offense

of possession of marijuana with intent to deliver. The marijuana, which is the subject matter of the current criminal prosecution against Stubblefield, was the same marijuana which was the subject matter of the tax assessment by the Tax Commissioner.

Stubblefield filed a plea in bar alleging that the possession with intent to deliver charge was barred by the Double Jeopardy Clauses of the U.S. and Nebraska Constitutions because he had already been prosecuted and punished for the same offense by having the tax, penalty, and interest assessed against him. The district court overruled Stubblefield's plea in bar, and he was found guilty by a jury.

## OVERVIEW OF NEBRASKA'S MARIJUANA AND CONTROLLED SUBSTANCES TAX STATUTES

Preliminarily, we believe it helpful to give a description of Nebraska's marijuana and controlled substances tax statutes. The statutes were enacted as 1990 Neb. Laws, L.B. 260, and are now codified at §§ 77–4301 to 77–4316. They impose a tax on marijuana at a rate of $100 on each ounce or portion of an ounce in the dealer's possession. § 77–4303(1)(a). The tax imposed by § 77–4303 shall be due and payable immediately upon acquisition or possession of marijuana in this state by a dealer. § 77–4305. A "dealer" is defined in part as one who "acquires or possesses six or more ounces of marijuana." § 77–4301(2). Thus, one must possess at least 6 ounces of marijuana to be subject to the tax.

Section 77–4302 prohibits a dealer from possessing marijuana unless the tax has been paid as evidenced by an official stamp or label affixed to the marijuana. Official stamps or labels are to be purchased from the Department of Revenue. § 77–4304(1). Each stamp is valid for 6 months after issuance. § 77–4304(2). In applying for a tax stamp, a dealer shall not be required to give his or her name, address, Social Security number, or other identifying information. § 77–4304. See, also, *State v. Garza*, 242 Neb. 573, 496 N.W.2d 448 (1993) (statutes as interpreted do not violate prohibition against self-incrimination).

Based on personal knowledge or information available to the

Tax Commissioner, the commissioner must assess the tax and penalty upon any dealer who has not paid the tax when due. § 77–4310. Any dealer violating the drug tax statutes is subject to a penalty of 100 percent of the tax in addition to the tax imposed by § 77–4303. § 77–4309(1). The penalty shall be collected as part of the tax. *Id.* If the amount of the deficiency is not paid, the deficiency shall accrue interest for the period from the date the tax was due until the date such deficiency is paid. § 77–4312(8).

If payment is not immediately made after notifying the dealer of the tax, penalty, and interest due and demanding payment, the Tax Commissioner shall collect the tax and penalties by any method prescribed in the Uniform State Tax Lien Registration and Enforcement Act. § 77–4310(3). However, the dealer may petition for a hearing regarding the assessment pursuant to the Administrative Procedure Act. § 77–4312(1).

Information obtained in compliance with the drug tax statutes is confidential and may not be used against the dealer in any criminal proceeding, except proceedings involving taxes due under the drug tax statutes. § 77–4315. However, the statutes do not give a dealer immunity from criminal prosecution. § 77–4308. In addition to the aforementioned civil penalties, § 77–4309(2) provides that a dealer distributing or possessing marijuana without affixing the official stamp or label shall be guilty of a Class IV felony. The tax shall not be imposed upon a person registered or otherwise lawfully in possession of marijuana or a controlled substance pursuant to chapter 28, article 4, of the Nebraska Revised Statutes.

## ANALYSIS

### DOUBLE JEOPARDY—ITS CONTOURS

The 5th Amendment to the U.S. Constitution, which is made applicable to the states through the 14th Amendment, provides in part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Neb. Const. art. I, § 12, provides: "No person shall . . . be twice put in jeopardy for the same offense."

The U.S. Supreme Court has interpreted the Fifth Amendment's Double Jeopardy Clause to protect against three

distinct abuses: (1) a second prosecution for the *same offense* after acquittal, (2) a second prosecution for the *same offense* after conviction, and (3) multiple punishments for the *same offense*. *United States v. Halper*, 490 U.S. 435, 109 S. Ct. 1892, 104 L. Ed. 2d 487 (1989); *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2089, 23 L. Ed. 2d 659 (1969). This court has not construed Nebraska's double jeopardy clause to provide any greater protections than those guaranteed by the federal Constitution.

In *United States v. Halper*, the Supreme Court addressed the issue of whether a civil–administrative sanction could constitute punishment for purposes of double jeopardy. The Court held:

> In making this assessment [of whether a sanction constitutes punishment for double jeopardy purposes], the labels "criminal" and "civil" are not of paramount importance. . . . The notion of punishment, as we commonly understand it, cuts across the division between the civil and the criminal law, and for the purposes of assessing whether a given sanction constitutes multiple punishment barred by the Double Jeopardy Clause, we must follow the notion where it leads.

490 U.S. at 447–48.

In deciding whether a civil penalty constitutes "punishment" for double jeopardy purposes, it is immaterial whether the civil penalty precedes or follows the criminal proceeding. *U.S. v. Sanchez–Escareno*, 950 F.2d 193 (5th Cir. 1991), *cert. denied* 506 U.S. 841, 113 S. Ct. 123, 121 L. Ed. 2d 78 (1992). See, also, *Department of Revenue of Montana v. Kurth Ranch*, ____ U.S. ____, 114 S. Ct. 1937, 1958, 128 L. Ed. 2d 767 (1994) (Scalia, J., dissenting) ("if there is a constitutional prohibition on multiple punishments, the order of punishment cannot possibly make any difference"); *State v. Hanson*, 532 N.W.2d 598 (Minn. App. 1995) (Randall, J., concurring).

Stubblefield assigns as error that because he has already had a tax assessed against him on the marijuana he possessed, to criminally prosecute him for possession of the same marijuana with intent to deliver would subject him to multiple punishment and/or a second prosecution for the same offense. Thus, we must determine whether the assessment of a tax, penalty, and

interest pursuant to the drug tax statutes and the charge of possession of marijuana with intent to deliver under § 28–416 constitute the same offense for purposes of double jeopardy.

## NOT SAME OFFENSE

In *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the Supreme Court held that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. In both the multiple punishment and multiple prosecution contexts, the double jeopardy bar applies if the two offenses for which the defendant is punished or tried cannot survive the "*Blockburger*" test. *United States v. Dixon*, 509 U.S. 688, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993). In applying this test, the "same offense" phrase has an identical meaning whether the punishments or prosecutions are successive. *Id.*

In other words, the *Blockburger*, or "same–elements," test asks whether each offense contains an element not contained in the other. *Id.* If not, they are the same offense and double jeopardy bars additional punishment and successive prosecution. *Id.*; *Blockburger v. United States, supra.* If so, they are not the same offense and double jeopardy is not a bar to additional punishment or successive prosecution. *U.S. v. Dixon, supra.*

Under Nebraska's penal code, a person commits the offense of possession of marijuana with intent to deliver when the person knowingly or intentionally manufactures, distributes, delivers, dispenses, or possesses with intent to manufacture, distribute, deliver, or dispense marijuana. § 28–416. A violation of § 77–4302 of the drug tax statutes occurs when a dealer possesses 6 ounces or more of marijuana upon which a tax is imposed unless the tax has been paid on the marijuana as evidenced by an official stamp or label.

A comparison of the two statutes shows that a violation of § 28–416 requires proof of intent to manufacture, distribute, deliver, or dispense a controlled substance, but a violation § 77–4302 of the drug tax statutes does not require proof of the

same element. A violation of § 77–4302 requires proof that the excise tax has not been paid and that the dealer possessed at least 6 or more ounces of marijuana, but a violation of § 28–416 does not require proof of the same element.

Moreover, proof of intent to deliver does not require a finding that the defendant possessed a certain quantity of marijuana. The fact that an individual possessed 6 or more ounces does not, in and of itself, necessitate a finding of intent to deliver. Moreover, even if a person is found guilty of possession with intent to deliver, the drug tax statutes are inapplicable unless he or she possessed 6 or more ounces.

Thus, we find that violations of §§ 28–416 and 77–4302 do not constitute the same offense, because each requires proof of an element the other does not. See, *State v. Perez*, 906 S.W.2d 558 (Tex. App. 1995); *State v. Morgan*, 118 N.C. App. 461, 455 S.E.2d 490 (1995). As a result, the Double Jeopardy Clause does not prohibit prosecution and/or punishment for each of the two offenses.

### INAPPLICABILITY OF *KURTH RANCH*

Stubblefield argues that the question of whether a tax assessment against an individual for possession of a controlled substance constitutes a "punishment" and/or a "prosecution" for purposes of double jeopardy has been answered by the U.S. Supreme Court in *Department of Revenue of Montana v. Kurth Ranch*, ____ U.S. ____, 114 S. Ct. 1937, 128 L. Ed. 2d 767 (1994). In *Kurth Ranch*, the Supreme Court held that a tax imposed under Montana's Dangerous Drug Tax Act after the State had imposed a criminal penalty for the same conduct constituted a second punishment and was the functional equivalent of a successive criminal prosecution, in violation of the Double Jeopardy Clause.

However, Nebraska's and Montana's drug tax statutes differ in material respects. Under Nebraska's statutes, a tax is levied on the possession of drugs regardless of whether the taxpayer has been arrested for criminal conduct. The tax is due immediately upon acquisition or possession of marijuana in the state. A dealer possessing 6 or more ounces is prohibited from possessing marijuana unless the tax has been paid as evidenced

by an official stamp or label affixed to the marijuana. In applying for a tax stamp from the Department of Revenue, a dealer is not required to give any of his or her identifying information. Information obtained in compliance with the statutes is confidential and may not be used against the dealer in any criminal proceeding except proceedings involving taxes due under the drug tax statutes.

However, under Montana's act, a taxpayer had no obligation to file a return or pay any tax unless and until the taxpayer was arrested. The act did not provide any opportunity for taxpayers to purchase stamps or labels from the Montana Department of Revenue to evidence that the tax had been paid. Instead, the act expressly provided that taxpayers were required to file a return within 72 hours of arrest. Thus, the tax assessment not only hinged on the commission of a crime, it also was exacted only after the taxpayer had been arrested for the precise conduct that gave rise to the tax obligation in the first place. Persons who had been arrested for possessing marijuana constituted the entire class of taxpayers subject to the Montana tax.

In *Kurth Ranch*, the Supreme Court never addressed the issue of whether the tax assessment under Montana's act and the criminal prosecution for the drug offense constituted the same offense. However, because Montana's act required the drug offense to precede and underlie the tax assessment, it is clear that neither offense required proof of an element that the other did not. See, *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932); *United States v. Dixon*, 509 U.S. 688, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993). In *Kurth Ranch*, the criminal charge would necessarily be a lesser–included offense of the tax assessment. Because we find that the Supreme Court's decision in *Kurth Ranch* is fact specific to Montana's act, and Nebraska's statutes are distinguishable from Montana's act in material respects, we conclude *Kurth Ranch* is inapplicable.

## CONCLUSION

We conclude that the Double Jeopardy Clauses of the U.S. and Nebraska Constitutions do not bar prosecuting Stubblefield for possession of marijuana with intent to deliver after assessing a tax against him pursuant to the marijuana and controlled

substances tax statutes, because the prosecution does not constitute the same offense as the tax assessment.

AFFIRMED.